[No. 10,220.]

## THE PEOPLE *v.* WALDEN.

PRESUMPTIONS OF FACT.—Presumptions of fact fall within the exclusive province of a jury, and it is therefore erroneous for the court to charge a jury that the existence of a fact developed in the evidence raises a reasonable presumption of the existence of another fact.

APPEAL from the County Court, County of Stanislaus.

A general election was held on the first day of September, 1875, at which a Senator was elected for the Fifth Senatorial District, composed of the counties of Stanislaus, Mariposa,

and Merced.   J. M. Montgomery and R. H. Ward were the
only candidates voted for for that office.   Each county in
this State is divided into precincts by the Board of Super-
visors, and for each precinct an inspector and judges of
election are appointed.   At the close of the election, after
the ballots are counted, the inspector and judges are re-
quired to place the ballots in an envelope and carefully seal
the same, and forward them to the county clerk to be kept
by him.   By the count made on election day, Montgomery
had a small majority.   The law permits an elector to call
for a recount of the votes after they are received by the
clerk.   Ward, the defeated candidate, called for such re-
count.   The defendant was indicted for having fraudulently,
and with the design of changing the result of the election,
changed ballots after they had been received by the clerk,
by erasing the name of Montgomery and inserting that of
Ward.   It was shown, among other things, on the trial, that
shortly after the fifth of September, 1875, a key was found
in the defendant's pants, which would fit and open the lock
of the door leading to the clerk's office, where the ballots
were kept on the day on which they were claimed to have
been changed, and that, on the same day, about eight
o'clock P. M., the defendant was seen in the clerk's office.
The defendant was convicted and appealed.

The other facts are stated in the opinion.

*Terry, McKinne & Terry,* for the Appellant.

*Jo Hamilton, Attorney-General,* and *Hewitt & Turner,* for
the People.

By the COURT:

Presumptions of fact embrace: "All the connections and
relations between the facts proved and the hypotheses
stated and defended, whether they are mechanical and
physical or of a purely moral nature.   It is the class of
presumptions which prevails in the ordinary affairs of life,
namely, the process of ascertaining one fact from the exis-
tence of another, without the aid of any rule of law, and
therefore it falls within the exclusive province of the jury."
(1 Greenl. on Ev., 48.)

The court below charged the jury: "The possession by the defendant of that key unexplained (if you believe he had it in his exclusive possession) raises a reasonable presumption that he had it for purposes shown by the evidence it could be used for; or, in other words, if you believe it would open the clerk's office, where these ballots were kept, then the possession by the defendant unexplained raises a reasonable presumption that he had it for the purpose of opening that door."

In no view can this charge be sustained. If it be said that it was an attempt to charge in respect to a legal presumption, it was clearly error, since no such presumption would arise from the fact stated, as a matter of law.

If it was an attempt on the part of the court to instruct the jury that the existence of one fact, in view of the ordinary experience of mankind, and connection of events, must be presumed from the existence of another, this was an interference with what, as we have shown, is the exclusive province of the jury. It was charging the jury "with respect to matters of fact," and was a contravention of section 18, article 6, of the Constitution of the State.

Judgment and order reversed and cause remanded for a new trial.