[No. 6146.]

# THE BANK OF STOCKTON v. C. BLIVEN.

CONFLICTING INSTRUCTIONS.—Where the instructions are conflicting on a material point in issue, the judgment will be reversed.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The action was brought to recover seven hundred and seventy-four dollars and thirty-eight cents on a promissory note, dated July 2nd, 1874, payable one day after date to the order of J. H. Barney & Co., and endorsed by the payee to the plaintiff. Two of the witnesses testified that the note was endorsed July 2nd, 1874, and another that it was not endorsed until September 20th, 1875. The defense was that the amount due on the note had been paid by the defendants to Barney & Co. between the 13th and the 20th of August, 1874. There was evidence that Barney & Co., who were dealers in grain, kept a banking account with the plaintiff, that his account was overdrawn, that the note was deposited as collateral security, and that they were continuously thereafter indebted to the plaintiff in a sum equal to the amount due upon the note. The case was tried by the Court with a jury, and the following was the first instruction given, at the request of the defendant:

"If the jury believe from the evidence that the note sued on in this action remained the property of J. H. Barney & Co. until it was overdue, and was paid by the maker to J. H. Barney & Co., without notice that it had been assigned to any other party, the jury must find for the defendant."

At the request of the plaintiff, the following instructions were given:

1. "If the jury find from the evidence that the note in controversy was endorsed and delivered to the Bank by J. H. Barney & Co. for a valuable consideration, and as collateral security for the payment of said Barney & Co.'s indebtedness to the Bank, and that it was endorsed and delivered at any time before the defendant Bliven paid the same to Barney & Co., and also find that the indebtedness, if any, from Barney & Co.

to the Bank, for which this note was assigned as collateral security, has not been paid, then the jury will find a verdict for the plaintiff.

2. "It is not material in this case whether the note was endorsed by Barney & Co. before it became due. If it was endorsed and delivered to the Bank as collateral security for the payment of indebtedness from Barney & Co. to the Bank, and such indebtedness, before the note was paid to Barney & Co. by Bliven, had not and has not yet been paid, and the amount of such debt from Barney & Co. to the Bank is equal to or exceeds the amount of the note sued on, then the jury will find for the plaintiff."

The verdict and judgment were for the defendant, and the plaintiff appealed.

*W. L. Dudley* and *J. M. Hogan,* for Appellant.

*Terry, McKinne & Terry,* for Respondent.

By the COURT:

The first instruction given at the request of the defendant and the first and second instructions given at the request of plaintiff are contradictory.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.