### FRANK FOX

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

95  71<br>148 504

*Filed at Ottawa May 18, 1880.*

1. FORGERY—*intent to defraud person named must be proved.* It is necessary to prove, on the trial of one indicted for forgery, an intent to defraud the person named in the indictment as intended to be defrauded. This intent may be clearly shown by proof of uttering the forged instrument, and if not passed, circumstantial evidence.

2. SAME—*admissions of other forgeries.* Evidence of statements or admissions in reference to the note for the forgery of which the person accused is being tried are admissible, but what he has said of another note said to have been forged is not admissible to prove the charge on which he is being tried.

3. Where the statements or admissions of an accused are improperly admitted in evidence, it is equally improper to refer to them in an instruction.

4. SAME—*presumption of intent to defraud.* There is no presumption of law of an intent to defraud from proof that the accused has actually forged a note

on another person when he has not uttered the same, but this is a question of fact for the jury to find from the evidence, as, his possession of the same and the surrounding circumstances. The possession of the forged paper, while evidence tending to prove a fraudulent intent, is not conclusive. The circumstances may clearly repel any presumption of guilt.

5.   The merely falsely making of a note without the intent to defraud some one, does not constitute the crime of forgery.

6.   CRIMINAL LAW—*instruction as to flight.* It is error to instruct a jury, on the trial of one for an alleged crime, that his flight is evidence of guilt. It is only evidence tending to prove guilt. Nor should the court tell the jury that if flight was proved, it must be satisfactorily explained consistent with the innocence of the accused. This might be understood as requiring him to prove an innocent purpose beyond doubt.

7.   SAME—*proof of good character.* The court has no right, by an instruction, to tell the jury that proof of good character on the part of the accused constitutes a complete defence against the charge. That is a question for the jury and not for the court, and they have the right to consider all the evidence, and from it find the facts.

8.   An instruction that a defendant in a criminal case has offered no further evidence on the question of his good character than he has, should not operate to his prejudice, would be unexceptionable.

9.   CRIMINAL PRACTICE—*comments of State's attorney outside of the evidence.* It is the duty of the court, on the trial of one when his life or liberty is involved, to stop the State's attorney in his closing argument, when he assumes facts not proved and urges them for a conviction. Such conduct is unfair to the accused, and he should be protected by the court. When such unfairness is gross a judgment of conviction, in a doubtful case, should be reversed.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. O. F. WOODRUFF, for the plaintiff in error:

1.   The verdict is contrary to the law, and is wholly unsupported by the evidence.

2.   In cases where the indictment sets forth the instrument said to be forged, with the usual and necessary allegations of intent to defraud, it is indispensably necessary to prove the intent to defraud upon the trial, and it is error to admit the declaration of a prisoner in reference to any other than the one set forth in the indictment, unless such other note be produced in court

and proved to be a forgery. Especially is it error to compel a prisoner to testify as to what he said in reference to a note not before the court, and concerning the existence of which there is no proof. *The People* v. *La Grille,* 1 Wheeler's Crim. Cases, 415; *Regina* v. *Cook,* 8 Car. & Payne, 906; *Regina* v. *Hill,* 8 id. 730; *Upfold* v. *Leit,* 5 Esp. 100; *Regina* v. *Millard,* Russ. & Ryan, 245; 2 Russell on Crimes, 710; Roscoe's Crim. Ev. 91.

3. In order to constitute any crime there must be an act as well as an intent. The mere having of a forged instrument, or the establishing by proof the fact that the prisoner wrote the name to the note without authority, are not such facts of themselves, unsupported by proof of an intent to defraud, as would warrant a conviction for forgery. *Commonwealth* v. *Goodenough,* Thacher's Crim. Cases, 136; *Commonwealth* v. *Whitney,* id. 200; *Rex* v. *Shukard,* Russ. & Ryan, 200; *Rex* v. *Jones,* 1 Leach, 367; *Rex* v. *Hodgson,* Dearsley & Bell C. C. 3; *Rex* v. *Ogden,* 6 Car. & Payne, 611; *Regina* v. *Page,* 8 id. 844; *Miller* v. *State,* 51 Ind. 405; Roscoe's Crim. Ev. 508–511; 2 East's Pleas of the Crown, 853, 855; 2 Bish. Crim. Law, secs. 563, 565.

4. It is the duty of the presiding judge, during a criminal trial, to protect the prisoner from unreasonable and unfair statements and arguments of the prosecuting officer. If he fails to do so, and the impropriety is gross, a new trial should be awarded. *State* v. *Williams,* 65 N. C. 505; *State* v. *Smith,* 75 N. C. 306.

5. Where the feelings and reputation of an honest and upright citizen are involved, his good name will always preponderate in favor of his innocence in a doubtful case. *Green* v. *Cornwell,* 1 City Hall Recorder, 11.

In criminal trials evidence of previous good character is proper to go to the jury, not only in those cases where a doubt exists upon the other proof, but even to generate a doubt as to the guilt of the accused. *Felix* v. *State,* 18 Ala. 720;

*Fields* v. *State,* 47 id. 603; *Remsen* v. *The People,* 43 N. Y. 6–9; *Cancenei* v. *The People,* 16 id. 506.

To refuse to instruct the jury on the question of good character seems equivalent to holding, or at least to leaving the jury to infer, that the evidence which was lawfully put into the case was immaterial after it was in. *The People* v. *Garbuilt,* 17 Mich. 9–26; *Hamilton* v. *The People,* 29 id. 195; *Campbell* v. *The People,* 34 id. 351.

Mr. THOS. E. MILCHRIST, State's Attorney, for the People:

The act of forgery itself is sufficient to imply an intent to defraud, unless it appears that no fraud whatever could have been effected by the forgery. 2 Arch. Crim. Law, 1602; *State* v. *Woodward,* 20 Iowa, 553; 2 Whart. Crim. Law, sec. 1453; 2 Russell on Crime, 779; Moore's Crim. Law, sec. 598.

And the law presumes an intent to defraud the person who would have to pay the instrument if it were genuine. 1 Whart. Crim. Law, sec. 712; 2 id. secs. 1453, 1455; 3 Greenl. Ev. 93; *Commonwealth* v. *Stephenson,* 11 Cush. 481; *State* v. *Woodward,* 20 Iowa, 553.

And this, although the intention to defraud the person in particular who would have to pay the note, did not enter into the prisoner's contemplation. 3 Chitty's Crim. Law, 1039; 3 Greenl. Ev. 93.

As to the improper remarks of the State's attorney, if they were all made as imputed, there was no objection made to them, as there was in the cases cited from North Carolina.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error was indicted at the October term, 1879, of the Henry circuit court, for forgery. The indictment contained four counts. The State's attorney entered a *nolle prosequi* to the third and fourth, and on a trial defendant was convicted on the first count, and his confinement in the penitentiary was fixed at three years. A motion for a new trial

was entered but overruled, and judgment rendered on the verdict. And the record is brought to this court, and various errors are assigned.

On the trial in the court below a number of exceptions were taken to the rulings of the court. And it is urged that the court erred in admitting evidence against the accused and in giving instructions; also, in refusing instructions asked on behalf of the accused, and because the State's attorney went outside of the evidence of the case to the prejudice of accused, in his argument before the jury. There are others assigned, but they are either embraced in these or are such as need not now be discussed.

It is urged that the intent to defraud being properly averred in the indictment, it was indispensably necessary to prove it as laid. And it was error to permit evidence of what accused said of another and different note, the existence of which was not shown, much less was the note produced. The intention to injure or defraud the person as averred must be proved, but that is usually done by showing that the forged instrument was uttered.

The statements of a defendant as to other instruments of the same kind, supposed to have been uttered by him, are not admissible in evidence. *Regina* v. *Cooke*, 8 C. and P. 582.

This seems to be conclusive of this question. Evidence of admissions or statements in reference to the note for the forgery of which he was being prosecuted was admissible, but what he said of another note was not admissible to prove the charge on which he was being tried. When a person is indicted on a charge of passing counterfeit bank bills, proof that he had previously passed similar bills is admissible to prove guilty knowledge, but the proof of the existence of such bills is required.

The fifth of the people's instructions is wrong in referring to the statements of accused in reference to a $135 note on the prosecuting witness. The evidence being improper it was equally improper to refer to his statements in the instructions.

It is claimed that the intent to defraud being averred, it must be proved as averred, and that the court took that question from the jury by the people's third instruction, which is:

" That if you believe from the evidence, beyond a reasonable doubt, that the defendant actually forged the note offered in evidence herein, then the law will presume it was to defraud, and done with an intent to cheat and defraud, as charged in the first and second counts of the indictment, even if the evidence does show that defendant had taken a genuine note of Dwyer for said sum of $35, upon which Dwyer was liable."

It was for the jury to determine from the evidence before them whether there was an intention of defrauding Dwyer, as averred in the indictment. This they were to determine from all the evidence, direct and circumstantial. It may be the possession, with the attending circumstances, proved the intent, yet it may be attending circumstances would clearly repel or disprove the presumption. But this instruction informs the jury that if the accused actually forged the note, then the law presumes the intent to defraud as charged in the indictment. To constitute the crime of forgery it is necessary that the instrument shall be falsely made, altered, etc., with intent to prejudice, damage or defraud any person, etc. Rev. Stat. 1874, p. 367, sec. 105. Thus it is seen that it must be not only falsely made, uttered, etc., but it must be with intent to prejudice, damage or defraud some person, etc. The merely falsely making the instrument, without the intention named, does not constitute the crime.

It has been defined by law writers as "a false making; a making *malo animo* of any written instrument for the purpose of fraud and deceit." One of the accepted meanings of the word forge, is to falsely make, without any regard to the intent. If the jury so understood it in this case, it may have, and probably did, prejudice the accused. The instruction should have left it to the jury to find the intent. The mere

making and possession do not necessarily prove an intent to defraud. *Rex* v. *Shukard*, Russ. and Ry. 200. That is clearly shown when the forged instrument is uttered, or it may be inferred from circumstances. But mere making and possession is evidence, it is true, but it can not be said, as a legal proposition, that it proves a fraudulent intent. The instruction should have left it to the jury to say whether, with the attendant circumstances, the intent was proved.

The fourth instruction is not fair to the prisoner. It assumes to tell the jury what weight they should give to his supposed flight. That was for the consideration of the jury, and not of the court. The court should not have said to them that it was evidence of guilt. It is only evidence tending to prove guilt. Nor should the instruction have stated that if flight was proved, it must be satisfactorily explained consistently with the innocence of the accused.

From this the jury would understand that if flight was proved, it must be proved, beyond doubt, that it was for an innocent purpose. Several of the people's instructions are argumentative and single out isolated facts and give to them undue prominence, which is frequently unfair and highly prejudicial to the accused.

It is urged that the court erred in refusing a portion of defendant's instructions. After a careful examination of the entire series, we think there was no error in this. The court gave for the defence thirteen instructions, some of them varying what was stated in others which were given. Those that were given embraced all that was proper in those that were refused.

The fifteenth states the rule of evidence as to good character incorrectly. The court has no right to determine, as this instruction does, that proof of good character constitutes a complete defence. That is a question for the jury, and not for the court. They have the right to consider all of the evidence and find the facts.

The sixteenth instruction may contain a legal proposition, but as it is drawn it might have misled the jury, had it been given. The jury might have understood it as informing them as a fact that he had established a good character, and no further proof was necessary. Had it stated that the fact that he introduced no further evidence on that question should in no wise operate to his prejudice, it would have been unexceptionable.

It is complained that the State's attorney was unfair in his closing argument to the jury; that he assumed facts that were not proved and urged them for a conviction. It is the duty of the circuit court in such cases to stop counsel and effectually prevent such unfairness when attempted. Its duty is in all cases, and emphatically so when life or liberty is involved, to prevent such unfair conduct on the part of counsel. It can not be sanctioned to permit the people's attorney to thus treat the accused, who is restrained of his liberty, and is helpless unless protected by the court. Nor is it the duty of the State's attorney to urge an unwarranted conviction, or resort to unfair means to procure one, when he believes there is no guilt. The prisoner should in all cases be treated with fairness, and it is the duty of the court to see that this right is not infringed.

Complaints of this character are beginning to be brought before us, and what is here said refers more to the rule of practice that should obtain in all cases than with reference to this case. But in this case we are of opinion that a portion of the argument on the part of the people was not fully warranted by the evidence. It may be that the objectionable portions are not of such a character as would alone justify a reversal. But when the unfairness is gross it would be our duty in all doubtful cases to reverse alone for that reason.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*