[No. 10,434.]
# PEOPLE *v.* WONG AH NGOW.

EVIDENCE—PRESUMPTION—FLIGHT—CONSTITUTIONAL LAW.—Flight on the part of a person accused of crime is a circumstance for the jury to consider in determining the question of his guilt or innocence, but it does not give rise to a legal presumption of guilt. *Held,* accordingly, that an instruction of the Court below, to the effect that the flight of the defendant was strong presumptive evidence of his guilt, was erroneous; because no such presumption arose as a matter of law, and the instruction was therefore " with respect to matters of fact," and in contravention of the Constitution.

INSTRUCTIONS.—An erroneous instruction is not cured by a correct statement of the law in another part of the charge.

APPEAL from a judgment against the defendant, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*Lyman J. Mowry,* for Appellant.

The Court erred in its charge, that an attempt to escape or evade justice amounts to a strong presumption of guilt. (*Stone* v. *Geyser Q. M. Co.* 52 Cal. 317; *People* v. *Carrillo,* 54 Id. 63; Best on Presumptions, 323, § 248; *People* v. *Montgomery,* No. 10,389 (not reported); *People* v. *Stanley,* 47 Cal. 118.) The instruction was upon the weight of evidence. (*McNeil* v. *Barney,* 51 Cal. 603; *People* v. *Barry,* 3 Id. 357; *People* v. *Levison,* 16 Id. 99.) It was also in conflict with other parts of the charge. (*People* v. *Campbell,* 30 Cal. 312; *Brown* v. *McCallister,* 39 Id. 577; *McCreery* v. *Everding,* 44 Id. 251; *People* v. *Valencia,* 43 Id. 556; *People* v. *Walden,* 51 Id. 588.)

*A. L. Hart,* Attorney-General, and *D. J. Murphy,* for Respondent.

In bank, MORRISON, C. J.:

The defendant was convicted in the Court below of the crime of murder in the first degree, for the felonious killing, with premeditation and malice aforethought, of one Wong Ah Sun, and having been adjudged to suffer death, brings this appeal from

the judgment, and also from an order denying his motion for a new trial.

The homicide was committed in the City and County of San Francisco; and on the trial it was shown in behalf of the prosecution that the defendant fled from said city and county to a remote part of the State immediately after the murder was perpetrated. The Court below, charging the jury on the question of flight, used the following language:

"The flight of a person immediately after the commission of a crime, or after a crime is committed with which he is charged, is a circumstance in establishing his guilt, not sufficient of itself to establish his guilt, but a circumstance which the jury may consider in determining the probabilities for or against him— the probability of his guilt or innocence. The weight to which that circumstance is entitled is a matter for the jury to determine in connection with all the facts called out in the case. I will read to you what has been said on that subject, from Wharton's Criminal Law:

"'A presumption arising from attempts to escape or evade justice. Such an attempt, if shown, amounts to a strong presumption of guilt.'

"'It is admissible for the prosecution to prove that the prisoner advised an accomplice to break jail and escape, or that he offered a bribe to one of his guards, or that he killed an officer of justice when making such an attempt. Evidence of an attempt to bribe or intimidate witnesses gives rise to the same presumption. So with flight, to which no proper motives can be assigned, and with the acts of disguise, concealment of person, family, or goods, and many other *ex post facto* indications of mental emotion. By the common law, flight was considered so strong a presumption of guilt, that in cases of treason and felony it carried the forfeiture of the party's goods, whether he was found guilty or acquitted.'"

It will be seen from the foregoing extract from the charge to the jury, that the Court below made the flight of the defendant strong *presumptive evidence of his guilt*. It is true that, in other parts of the charge, the jury was told that flight was a circumstance entitled to greater or less weight, and in many

cases, to no weight whatever; of all of which the jury was to judge.

In the first place, let us inquire into the correctness of that portion of the charge which construes flight into a presumption of guilt. Was not that part of the charge in violation of the provision of law which gives to the jury the exclusive right to judge of the facts, and prohibits the Court from charging the jury on questions of fact? The correctness of the doctrine laid down by Mr. Wharton is not denied in its application to the Federal courts and the courts of other States, where the right exists to charge upon questions of fact; but it is claimed, on behalf of the defense, that it is not law under our system of practice.

" It is well settled, that the flight of a person suspected of crime is a circumstance to be weighed by the jury, as tending, in some degree, to prove a consciousness of guilt, and is entitled to more or less weight, according to the circumstances of the particular case. Such evidence is received, not as a part of the *res gestœ* of the criminal act itself, but as indicative of a guilty mind." (Roscoe's Cr. Ev. 18; *People* v. *Stanley*, 47 Cal. 113.)

But the vice in the charge consists in the fact that the Court instructed the jury, that a *presumption of guilt* arose from the fact of flight. In the case of *People* v. *Walden*, 51 Cal. 588, the Court uses the following language :

" The Court below charged the jury, that the possession by the defendant of the key, unexplained, raises a reasonable presumption that he had it for the purposes shown by the evidence it could be used for; or, in other words, if you believe. it would open the clerk's office, where these ballots were kept, then the possession by the defendant, unexplained, raises a reasonable presumption that he had it for the purpose of opening that door." The Court proceed to say : " In no view can this charge be sustained. If it be said that it was an attempt to charge in respect to a legal presumption, it was clearly error, since no such presumption would arise from the fact stated, as a matter of law. If it was an attempt on the part of the Court to instruct the jury that the existence of one fact, in view of the ordinary experience of mankind and connection of events,

must be presumed from the existence of another, this was an interference with what,. as we have shown, is the exclusive province of the jury. It was charging the jury, ' with respect to matters of fact,' and was a contravention of § 18, art. 6, of the Constitution of the State."

But it is claimed, on behalf of the prosecution, that the charge, *as a whole,* is correct, and therefore the judgment should stand. There is no doubt that in one part of the charge the law on this subject (flight) was correctly given to the jury; but the charge was contradictory, and that which was bad cannot be aided by that which was good. The case of *People* v. *Valencia,* 43 Cal. 552, is in point. There the Court say : " It is not doubted that that part of the charge is erroneous, as it omits from the definition of murder in the first degree the essential qualities of deliberation and premeditation; but it is contended by the prosecution, that the Court had correctly defined murder in the first degree, and as the jury would consider together all the parts or propositions of the charge, the error in the part above cited is cured by the correct definition which had already been given. The two parts of the charge are contradictory, and the jury would. not be able to say that the Court intended that the former, rather than the latter, should be received by them as the correct.definition of murder in the first degree."

It is unnecessary to pass upon the. other errors assigned, as the one already noticed calls for a reversal of the judgment.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., McKINSTRY, J., ROSS, J., MYRICK, J., McKEE, J., and SHARPSTEIN, J., concurred.