[No. 10,522.—Department No. 2.]

## THE PEOPLE v. MITCHELL

INSTRUCTIONS—EVIDENCE—CONSTITUTIONAL LAW.—Upon the trial of an indictment for burglary, the Court instructed the jury that the possession of the property by the defendant recently after it had been stolen, unless satisfactorily accounted for by the defendant, raised a presumption of his guilt. *Held*, that the instruction was in violation of the constitutional provision, which prohibits the Court from charging the jury with reference to matters of fact.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of Tehama County. LEWIS, J.

The facts are stated in the opinion.

*J. F. Ellison*, for Appellant.

*Attorney-General*, for Respondent.

MORRISON, C. J.:

This is an information for burglary, filed by the District Attorney of Tehama County, against the defendant and one George

Kane.  The information charges " that Reuben J. Mitchell and George Kane, on or about the 4th day of March, 1880, at and in the County of Tehama, and State of California, did feloniously enter the meat-shop of George W. Vestal, with intent to commit petit larceny, contrary to the form, force, and effect of the statute," etc.  Reuben J. Mitchell was convicted of the crime charged in the information, and from the judgment of conviction as well as from the order of the Court below denying his motion for a new trial, he brings this appeal.  It will be necessary for this Court to pass upon only one error found in the transcript, as it is sufficient to make it our duty to reverse the judgment of the Superior Court.

The following instruction was given to the jury :  " Proof of the possession of property in the hands of defendant recently after the same property was stolen out of the meat-shop of Vestal, unless the possession of the same is satisfactorily accounted for by the defendant, raises a presumption of guilt against the defendant."  There was evidence in the case tending to show that the meat stolen from the shop of Vestal, or at least a portion of it, was found in the possession of the defendant Mitchell, very soon after the larceny was committed.

The question presented by the foregoing instruction was before the late Court in the case of the *People* v. *Walden*, 51 Cal. 588, and the Court there says :  " The Court below charged the jury that possession by the defendant of the key unexplained raises a reasonable presumption that he had it for the purpose shown by the evidence it could be used for—or, in other words, if you believe it would open the clerk's office where these ballots were kept, then the possession by the defendant, unexplained, raises a reasonable presumption that he had it for the purpose of opening the door."  The Court proceeds to say :  " In no view can this charge be sustained.  If it be said that it was an attempt to charge in respect to a legal presumption, it was clearly error, since no such presumption would arise from the fact stated, as a matter of law.  If it was an attempt on the part of the Court to instruct the jury that the existence of one fact, in view of the ordinary experience of mankind and connection of events, must be presumed from the existence of another, this was an interference with what, as we have shown, is the

exclusive province of the jury. It was charging the jury with respect to matters of fact, and was a contravention of § 17, art. vi, of the Constitution of the State." Section 19, art. vii, of the present Constitution contains the same prohibition.

In the recent case of the *People* v. *Wong Ah Ngow*, 54 Cal. 151, this Court had occasion to pass upon an instruction similar to the one now under consideration. In that case, the Court below, employing the language found in Wharton's American Criminal Law, charged the jury that flight raised a *presumption* of guilt, and the judgment was reversed for error in the instruction. Flight was a circumstance which the jury might consider; but it was held error for the Court to charge the jury that flight *per se* raised a *presumption* of guilt. So, in this case, it would have been proper for the Court below to have instructed the jury, that the possession of stolen goods, recently after the larceny was committed, was a circumstance proper to be considered by them (*People* v. *Gill*, 45 Cal. 285); but to tell them that such possession raised a *presumption* of guilt, was in violation of the constitutional provision which prohibits the Court from charging the jury with respect to matters of fact.

For this error the judgment and order of the Court below are reversed, and the cause is remanded for a new trial.

MYRICK, J., and SHARPSTEIN, J., concurred.