[No. 10,600.—In Bank.]

## THE PEOPLE *v.* AH SING.

JURY—INSTRUCTIONS AS TO EFFECT OF EVIDENCE—CONSTITUTIONAL LAW.
  Upon the trial of an information for burglary, the court instructed the jury that possession of stolen property unexplained at a time immediately following the time when the property was stolen, supported by other circumstances and other evidence tending to show guilt, was a *strong* circumstance in the case,

*Held:* This was error. Whether the possession was strong evidence, or only slight evidence tending to show guilt, was a matter for the jury to pass upon, and not a question for the Court to determine.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of Alameda. GREEN, J.

The portion of the charge of the Court referred to in the opinion was as follows: "Possession of stolen property, standing alone and unsupported by other circumstances and evidence in the case tending to show guilt, is insufficient to convict; but possession of stolen property, unexplained, at a time immediately following the time when the property was stolen, supported by other circumstances and other evidence in the case tending to show guilt, is a strong circumstance tending to show guilt."

*George W. Lewis,* for Appellant.

In charging the jury, the Court below transcended its constitutional prerogative, and invaded and usurped the exclusive prerogative of the jury. (*People* v. *Wong Ah Ngow,* 54 Cal. 151; *People* v. *Carrillo,* id. 63; *People* v. *Mitchell,* 55 id. 237.)

No brief on file for Respondent.

The COURT:

The defendant was proceeded against by information, and convicted of the crime of burglary; and on the trial the Court below instructed the jury that the possession of stolen property, supported by other circumstances and other evidence tending to show guilt, is a *strong* circumstance in the case. This was error. Whether the possession was strong evidence, or only slight evidence tending to show guilt, was a matter for the jury to pass upon, and not a question for the Court to determine.

Judgment and order reversed.