[In Bank.—February 16, 1883.]

THE PEOPLE, RESPONDENTS, *v.* JOHN WELSH, APPELLANT

EVIDENCE—EXAMINATION OF A CHILD—IRREGULARITY.—A child nine years of age was examined as a witness on the part of the prosecution. His testimony was taken without a preliminary examination as to his competency, but at the close of his testimony, and before he left the witness stand, *the court examined him in the presence of the defendant, and the jury touching his competency, and found him to be competent.* On a previous trial of the case the witness had been examined, and his competency established before he was permitted to testify. *Held,* that no error prejudicial to the defendant had been committed.

ID.— CONDUCT INDICATING A GUILTY INTENT.—Evidence was given at the trial of the escape, recapture, and conduct of the defendant immediately after his arrest. *Held,* that the evidence was admissible as indicating a guilty intent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

*Horace Hawes,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondents.

McKEE, J.—The defendant was twice tried for the offense of which he was ultimately convicted. The first trial resulted in a disagreement of the jury. On that trial a child of the age of nine years, after having been preliminarily examined as to his competency as a witness, was found to be competent and testified. On the second trial he was permitted, against the objection of the defendant, to testify without having been *then* examined as to his competency; but at the close of his testimony and before he had left the witness stand, the court, in the presence of the jury and the defendant, again examined him touching his competency, and found him to be competent, and to this no objection was made by defendant's counsel, nor did he move to reject the testimony of the witness on the ground of irregularity in his examination, or on the ground of incompetency.

While it is true that a defendant in a criminal case is entitled to have the question of the competency of a presumably incompetent witness heard and determined in his presence, and on his trial before the court and jury, yet the right of the defendant, in that regard, was not violated in this case. The examination of the witness as to his competency was twice had in the presence

of the defendant as prescribed by law. One was a preliminary examination, and the fact that the other was made at the close of the witness' testimony, was not, under the circumstances, prejudicial to the right of the defendant. There was, therefore, no substantial error in the admission of the testimony.

Nor did the court err in admitting the testimony of a witness to prove the conduct, flight, and recapture of the defendant immediately after his arrest.

It is the animus with which an act is done which constitutes its criminality. There must be a joint union of act and intention in every crime (§ 20, Pen. Code); and the intention, like the act, may be proved by direct or indirect evidence of the circumstances connected with the crime. Hence the conduct of a party before and after the principal fact in issue is admissible not as part of the *res gestœ,* but as a circumstance connected with the act indicating the guilty intent. (*People* v. *Strong,* 46 Cal. 302; *People* v. *Stanly,* 47 Cal. 114; *People* v. *Collins,* 48 Cal. 277; *People* v. *Wong Ah Ngow,* 54 Cal. 151; *Fox* v. *People,* 95 Ill. 71; *Cummins* v. *People,* 42 Mich. 142; *Matthews* v. *The State,* 9 Tex. App. 138.)

Judgment and order affirmed.

MORRISON, C. J., ROSS. J., MYRICK, J., and McKINSTRY, J., concurred.