STATE, RESPONDENT, *v.* SULLIVAN, APPELLANT.

CRIMINAL LAW— *Robbery—Possession of goods recently stolen— Instruction.—* Under an indictment for robbery, it is error for the court to charge the jury, that " the possession of goods recently stolen, or of which a person was recently robbed, is a circumstance to be considered by the jury in determining as to the guilt or innocence of the defendant. The possession, when unexplained, or not satisfactorily accounted for, by a defendant, tends strongly to establish the guilt of a defendant found in possession of goods . . . . ," as the question whether the possession tended strongly or lightly to show guilt was a matter for the jury to pass upon.

SAME— *Evidence— Testimony of defendant.* — Where the defendant testified that he bought the goods described in the indictment, the jury may legally discard the evidence without the introduction of proof in rebuttal of his alleged purchase of the property.

*Evidence reviewed and held sufficient* to support a conviction of robbery.

*Appeal from Second Judicial District, Silver Bow County.*

The defendant was tried before DE WOLFE, J.

*McBride & Haldorn,* for Appellant.

There was no evidence tending to connect the defendant with the robbery, except the evidence showing him to have had possession of the property, alleged to have been stolen, some time after the robbery had taken place. Possession of stolen property is not, in itself, sufficient to warrant a conviction of even larceny. (*People* v. *Ah Ki*, 20 Cal. 178.) Defendant is not bound to show that he came by the property honestly, until prosecution has proven dishonesty. (*People* v. *Antonis*, 27 Cal. 404.) It was error for the court to charge the jury that the possession of goods recently stolen, or of which a person was recently robbed, when unexplained or not satisfactorily accounted for, tended strongly to establish guilt. (*People* v. *Ah Sing*, 59 Cal. 401; *People* v. *Cline*, 74 Cal. 575; *People* v. *Walden*, 51 Cal. 588.) Defendant should not be convicted of robbery, even if he received the proceeds of a robbery with knowledge of the facts. (*People* v. *Shepardson*, 48 Cal. 189.)

*Henri J. Haskell*, Attorney-General, for the State, Respondent.

BLAKE, C. J. — The appellant has been convicted and sentenced for the crime of robbery; and the indictment alleges that he took from the person of Edwin Thomas a silver watch, gold chain, door key, and certain money. The descriptions and denominations of the latter are unknown, but the value is fixed at ten dollars. Upon the trial, the following facts were established by the testimony of the witnesses for the Territory, and are conceded by the appellant in his argument: Thomas left his place of business in Butte about two o'clock in the morning of the tenth day of April, 1889, and was walking towards his home, when he was struck upon the head with a weapon or club of some kind and knocked down, and robbed by two persons of the property described in the indictment. He could not recognize the parties, or identify their clothing, but testified that he could not say that the prisoner was one of them, although his size was about the same as that of the man who knocked him down. About twenty-four hours after the occurrence, the appellant was arrested upon the charge of petit larceny, and searched by the officers. The watch and chain were found in his hip pocket; and the key mentioned in the indictment, and

"a wad of money," amounting to $440.76, were also taken from him. He made no statement regarding these articles.

When the evidence was closed by the Territory, the counsel for the accused moved the court to instruct the jury to acquit him upon the ground that the prosecution had failed to prove the material allegations of the indictment. The motion was overruled, and this action of the court is assigned as error.

In *Territory* v. *Doyle*, 7 Mont. 250, this court said: "That the recent possession of stolen property is not, of itself, sufficient to justify a conviction of the possessor as a thief, is a principle very well settled. But other circumstances nearly always surround the transaction to throw light upon the possession." It appears in the case at bar that there were "other circumstances" of this character. The watch and chain were not carried by the appellant in the usual place for their safe-keeping or use, but in his hip pocket. He was silent when informed of his arrest for an offense respecting his possession of the fruits of crime. The proof of these facts tended to prove the guilt of the accused, and the court properly refused to ignore them by sustaining the motion.

The defendant then testified in his own behalf that he bought of an unknown man in a gambling-house, the watch, chain, and key referred to, about half past eight o'clock in the evening of the day on which he was arrested. In order that his explanation may be fairly given, we quote fully from his testimony: "After I got up from the table, this man tapped me on the shoulder, and says: 'Partner, have you got a watch?' I said I did not have a watch, and he said: 'I have got a watch here that I will sell you cheap. I am broke, and want to get something to get out of town on.' I told him I didn't have much money with me, but asked him how much he would take for it. He said twenty dollars, and I told him I would not give that, but that I would give him fifteen. He said, 'All right,' and I paid him the money. He then said: 'I have got a couple of knives and keys here.' I told him I didn't want any keys, but asked him to let me see his knives. He pulled out the knives, and sold me one for four bits. . . . . He told me I had better take the keys too, as I might hear of somebody looking for them, and could give them to them. I said, "All right.'" In

reply to the question about the presence of persons when he purchased the goods, he said: "There was a lot of fellows, but I didn't know any of them." No other witness was offered for the defendant.

One of the grounds of the motion for a new trial is that the verdict of guilty is contrary to the evidence; that the possession of the property of Thomas is the sole fact which connects Sullivan with the perpetration of the robbery; that he was not identified as one of the robbers; and that his explanation of such possession is "probable and reasonable," and has not been shown to be false by the Territory. It is not necessary for us to review the evidence, and point out its sufficiency and effect. We are of the opinion that the verdict is upheld by the testimony which has been commented on, and that the jury, within their province, could legally discard the evidence of the appellant without the introduction of proof in rebuttal of his alleged purchase of the property.

Counsel insists that the court misdirected the jury in giving the following paragraph of an instruction: "The possession of goods recently stolen, or of which a person was recently robbed, is a circumstance to be considered by the jury in determining as to the guilt or innocence of the defendant. The possession, when unexplained, or not satisfactorily accounted for by a defendant, tends strongly to establish the guilt of a defendant found in possession of goods. . . . ."

The power of the courts to give instructions to the jury in criminal cases has been restricted by the following statute: "The court shall decide all matters of law which may arise during the trial, but shall not charge the jury as to questions of fact." (Comp. Stats. third div. § 491.) This is the statement in legislative form of an ancient legal maxim which has been enacted in many statutes, and has been deemed so vital to the rights and liberties of the people that it has been engrafted upon the constitutions of States. While numerous authorities might be cited to illustrate the principle which has been proclaimed in this law, it will be sufficient to examine the decisions of the Supreme Court of California which are directly in point. In *People* v. *Mitchell*, 55 Cal. 236, it was adjudged error to instruct the jury that "proof of the possession of property in

the hands of defendant, recently after the same property was stolen out of the meat shop of Vestal, unless the possession of the same is satisfactorily accounted for by the defendant, raises a presumption of guilt against the defendant." In *People* v. *Ah Sing*, 59 Cal. 400, the opinion of the court is as follows: "The defendant was proceeded against by information, and convicted of the crime of burglary; and on the trial the court below instructed the jury that the possession of stolen property, supported by other circumstances and other evidence tending to show guilt, is a strong circumstance in the case. This was error. Whether the possession was strong evidence, or only slight evidence, tending to show guilt, was a matter for the jury to pass upon, and not a question for the court to determine." In *People* v. *Titherington*, 59 Cal. 598, wherein the appellant was convicted of burglary, a similar instruction was held erroneous, the court below having said that "such possession, if proven to the satisfaction of the jury, and unexplained by the defendant, supported by other circumstances tending to show guilt, is a strong circumstance tending to show guilt." In *People* v. *Cline*, 74 Cal. 575, it appeared that the defendant was convicted of grand larceny, and the following instruction was given to the jury: "The possession of stolen property, supported by other evidence tending to show guilt, is a strong circumstance tending to show guilt." The court affirmed the case of *People* v. *Ah Sing*, *supra*, and Chief Justice Searls, in the opinion, says: "In other words, it is not a question of law, upon which the court should instruct the jury, but one of fact, which is wholly within the province of the latter. In deducing the ultimate fact of guilt or innocence, they are the sole judges of the weight to be given to the probative fact of possession of property recently stolen, and of all the circumstances surrounding and stamping the character of such possession."

The deduction from these authorities is clear and positive, and we are compelled to hold that the court below usurped the functions of the jury in its instruction that the possession of stolen property, under the conditions which are specified, "tends strongly to establish the guilt of a defendant." Inasmuch as the case must be tried *de novo*, we have considered all the points which were presented by counsel, and will probably be passed

upon at the second trial. It is therefore ordered that the judgment be reversed, and that the cause be remanded for a new trial.

HARWOOD, J., concurred. DE WITT, J., did not participate in this decision.