[No. 13038.   Department Two. — May 27, 1891.]

GEORGE W. HAIGHT, ADMINISTRATOR, ETC., ET AL., APPELLANTS, v. CHARLES VALLET ET AL., RESPONDENTS.

INSTRUCTIONS — MATERIAL CONFLICT. — Where instructions on a material point are contradictory, the judgment will be reversed.

ID. — FORGED DEED — EFFECT OF RECORD. — An instruction that a forged deed is void, and conveys no right, title, or interest, "except if duly recorded it is constructive notice of that fact," is erroneous as to the latter clause, and is inconsistent with an instruction that "no legal effect can be produced upon the rights of the parties by recording a forged instrument."

ID. — EJECTMENT — STATUTE OF LIMITATIONS. — Where the statute of limitations is pleaded by a defendant in ejectment, who claims under a deed from the plaintiffs' ancestor which the plaintiff claims to have been forged, conflicting instructions as to the date when the statute commenced to run are grounds for reversal.

ID. — EVIDENCE OF FORGERY — SUBSEQUENT CONDUCT OF GRANTOR. — In determining whether the plaintiffs' ancestor executed and acknowledged the deed which was claimed to be forged, the jury had a right to consider the subsequent conduct of the ancestor, and whether he ever, after the date of the deed, claimed the property or its possession, or paid the taxes or street assessments, or asserted ownership over it in any manner.

ID. — HANDWRITING — EXPERT TESTIMONY. — An instruction to the effect that although the law permits, in certain cases, expert testimony, yet such testimony should be received with great caution, and that the jurors are at liberty to reject it, the same as the testimony of any other witness, if after due consideration they should deem it not well founded in fact, and that they are at liberty to use their own judgment in matters of handwriting, and are not legally compelled to follow the opinion of the experts, is not erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The following is the instruction referred to in the opinion in regard to expert testimony: "In regard to the weight to be given by you to the testimony of Messrs. Hyde and Hickox, who were called by the defendants to testify in regard to a signature of Joseph M. Brown, I instruct you as follows: The law permits, in certain cases, a

skilled person to give his opinion in testimony in regard
to matters in which he is specially skilled; but such testi-
mony should be received by you with great caution, and
you are at liberty to reject it, the same as the testimony of
any other witness, if after due consideration you deem it
not well founded in fact. And in regard to said signature,
you are at liberty to use your own judgment and knowl-
edge in matters of handwriting, and are not legally com-
pelled to follow the opinion of either of said witnesses.
In other words, you should consider their testimony pre-
cisely the same as you do any other witness. You are
not legally bound to adopt their theory unless you are
satisfied that it is correct. If you are satisfied their the-
ory is correct, then it should be adopted, and you should
act upon it accordingly." The further facts are stated
in the opinion of the court.

*Edward R. Taylor*, and *Taylor & Haight*, for Appel-
lants.

A forged deed is an absolute nullity, and imparts,
when recorded, no notice to any one. (*Meley* v. *Collins*,
41 Cal. 663; 10 Am. Rep. 279; *Cole* v. *Long*, 44 Ga. 579;
*Pry* v. *Pry*, 109 Ill. 466.) The court erred in its in-
struction that the conduct of Brown toward the prop-
erty as to payment of taxes, etc., could be looked into,
for the purpose of determining whether or not he exe-
cuted the alleged forged deed. (*Meley* v. *Collins*, 41 Cal.
663; 10 Am. Rep. 279; *Cole* v. *Long*, 44 Ga. 579; *Pry* v.
*Pry*, 109 Ill. 466.) Contradictory instructions in respect
of material matters constitute reversible error. (*Brown*
v. *McAllister*, 39 Cal. 573–576; *People* v. *Valencia*, 43 Cal.
552, 553; *McCreery* v. *Everding*, 44 Cal. 246–250; *Chides-
ter* v. *Con. P. D. Co.*, 53 Cal. 57; *Bank* v. *Bliven*, 53 Cal.
708; *People* v. *Wong*, 54 Cal. 154; *Aguirre* v. *Alexander*,
58 Cal. 26–33.) And it can make no difference that
the court believes the verdict was right. (*People* v.
*Valencia*, 43 Cal. 552.)

*Wilson & Wilson,* and *Cope, Boyd & Fifield,* for Respondents.

The instruction that a forged deed is absolutely void and as though never made, except if duly recorded it is constructive notice of that fact, etc., was requested by the plaintiff, and although he afterwards requested the court to omit the line as to the effect of the record of a forged deed, he cannot predicate error upon the instruction as given. (*People* v. *Cummings,* 57 Cal. 88; *People* v. *Lopez,* 59 Cal. 362.) The instruction given to the jury to the effect that in determining whether Brown executed the deed they might take into consideration his subsequent conduct, and whether he ever after claimed the property or paid the taxes or street assessments, or did any other act asserting ownership, was correct. (*Burdett* v. *May,* 100 Mo. 17.)

SHARPSTEIN, J.— This is an action of ejectment, and one of the defenses to the action is, that the plaintiffs' ancestor conveyed the demanded premises to the grantor of the defendants. Another defense is, that the action is barred by the statute of limitations. The verdict and judgment were in favor of the defendants, and the plaintiffs appeal from the judgment and order denying their motion for a new trial.

The exceptions relied on here are to certain instructions given, and the refusal to give certain other instructions requested by defendants to be given.

Plaintiff requested the court to instruct the jury that "a forged deed conveys no right, title, or interest; it is absolutely void, and as though never made." The court refused to give it as requested, but in lieu thereof gave the following: "A forged deed conveys no title, right, or interest; it is absolutely void, and as though never made; except if duly recorded it is constructive notice of that fact."

The latter clause of this instruction is clearly erroneous, and is inconsistent with another part of the charge,

in which the jury were instructed that "no legal effect can be produced upon the rights of the parties by recording a forged instrument."

Another instruction excepted to by plaintiffs reads as follows: "If you find from the evidence that the said Joseph M. Brown, the ancestor of plaintiffs, was not in possession of the property in question, or any part thereof, from and after the eighteenth day of December, 1860, or from any other period prior to the fourth day of March, 1861, to the time of his death, November 2, 1864, and that during that time the defendants or their grantors, or those under whom they claimed, were in the open, notorious, continuous, and exclusive possession of said property, and that defendants and those under whom they claim continued such possession for the period of five years, and during all of said time were claiming to own the same adversely to all other persons, and exclusive of any other right, then your verdict should be for the defendants, notwithstanding that the children of said Brown were minors at the time of his death."

Another instruction which appellants claim to be in conflict with the one last above quoted reads as follows: "The ancestor of the plaintiffs, that is, Joseph M. Brown, had died on the second day of November, 1864, nearly two years prior to the 20th of August, 1866, so that I instruct you that the statute of limitations, with reference to the land in controversy, did not commence to run against him during his lifetime. And inasmuch as the statute of limitations did not commence to run in his lifetime, and did not commence to run against his children until the twentieth day of August, 1866, and inasmuch as neither of the children had reached the age of majority five years prior to the commencement of this action, I instruct you, as a matter of law, that the defense of the defendants, as against either of the children, and that whatever testimony has been given before you respecting the occupancy or possession of the land

in controversy for the purpose of establishing an adverse possession, must be disregarded in your determination of the rights of the plaintiffs, other than the representative of Josephine D. Brown, the widow of Joseph M. Brown."

There is another instruction which is clearly inconsistent with the one first above quoted. It is as follows: "As I have before stated to you, the statute of limitations could not in any event have run with respect to the land in controversy, until the first day of July, 1864."

Thus the jury were instructed that the statute of limitations might have commenced running in 1860, if the plaintiffs' ancestor was not then in possession of the land; and that the statute of limitations could not have run with respect to the land in controversy until the first day of July, 1864; and that it did not commence to run against the children of Brown until the twentieth day of April, 1866.

That two of these instructions contradict a third is apparent. That, taken together, they are confusing is also apparent.

In _Brown_ v. _McAllister_, 39 Cal. 573, the court said: "Where the instructions on a material point are contradictory, it is impossible for the jury to decide which should prevail, and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction which was erroneous, as the one or the other must necessarily be, where the two are repugnant."

That it is a sufficient ground for reversing a judgment has frequently been held. (_People_ v. _Valencia_, 43 Cal. 552; _McCreery_ v. _Everding_, 44 Cal. 246; _Chidester_ v. _Con. P. D. Co._, 53 Cal. 57; _Bank of Stockton_ v. _Bliven_, 53 Cal. 708; _People_ v. _Wong_, 54 Cal. 154; _Aguirre_ v. _Alexander_, 58 Cal. 26.)

Another instruction excepted to was, that "in determining the question as to whether Joseph M. Brown, the ancestor of plaintiffs, executed and acknowledged the

deed which purported to have been executed to said Henry P. Hulbert," the jury had a right "to take into consideration the subsequent conduct of said Joseph M. Brown during his lifetime, and whether he ever, after the date of said deed, set up any claim to the property or made any claim upon the parties in possession of the same for the delivery of possession to him, or paid the taxes or street assessments on the same, or did any other act asserting ownership over the property, during his lifetime, after the date of said deed."

We think this instruction correct. The evidence upon which it was based is not set out in the transcript, but the statement in it is, that defendants introduced evidence which tended to prove "that said deed purporting to have been executed by said Joseph M. Brown to said Hulbert was the genuine deed of said Brown."

We think testimony of such conduct on the part of Brown as the court in the instruction specifies would have a tendency to prove the genuineness of the deed which purported to be executed by him, and therefore we cannot presume that such evidence had not been introduced. We cannot presume error, and in this instance none is shown. The exception to this instruction is overruled. The instruction given in regard to expert testimony is not, in our opinion, erroneous. The exception to that instruction is overruled. But for errors before pointed out, the judgment and order denying the motion for a new trial must be reversed.

Judgment and order reversed.

McFARLAND, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.