[Civ. No. 8160. First Appellate District, Division Two.—January 28, 1932.]

THE PEOPLE, Respondent, v. THORNHILL BROOME et al., Defendants; CHARLES LANTZ, Appellant.

Newby & Newby and Winslow P. Hyatt for Appellant.

Harry A. Encell and Morgan A. Sanborn for Respondent.

NOURSE, P. J.—Plaintiff sued to condemn a portion of a tract of land to be used by the state for a highway maintenance station. The cause was tried with a jury, which fixed defendants' damages at $4,000. The clerk entered judgment upon the verdict and thereafter the trial court made findings and entered an interlocutory judgment, which was followed in due time by a final judgment. The defendant Lantz alone has appealed from all three judgments upon typewritten transcripts.

The clerk's entry of a judgment upon the verdict was premature and inadvertent. (*Vallejo & Northern Ry. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 558 [147 Pac. 238].) The verdict related to the issue of damages alone, whereas the trial court was required to draw findings upon the other issues and to enter judgment thereon. (*Idem*, p. 556.) Thus the entry by the clerk was an idle act, which was cured by the findings and judgment thereafter made, and hence the appeal from the clerk's judgment presents a moot question and, for that reason, it is dismissed.

The attack upon the second judgment, based upon the ground that the court had no power to make it because an appeal from the clerk's judgment was pending, is without merit. The trial court found that the clerk's entry was made while the cause was still reserved for decision by the court. As the judgment entered by the clerk was an idle act the defendant could not oust the court of jurisdiction to enter a proper judgment by taking an appeal from the clerk's entry.

It is argued that the complaint failed to state a cause of action because it did not define a "maintenance

station'' and because it did not describe the entire parcel which would be affected by the proposed condemnation. If there was any uncertainty as to the meaning of the words ''maintenance station'' that was a matter for special demurrer. The proceeding was instituted upon the authority of the resolution of the state highway commission, acting under provisions of section 363 (h) of the Political Code, as amended by Statutes of 1927, page 423, section 9. This resolution declared that public interest and necessity required the construction of a ''state highway maintenance station'' upon the land described, as ''public improvement''. By the terms of section 363 (h) this resolution was conclusive of the public necessity of the improvement, and as the complaint pleaded the resolution in full it is not subject to general demurrer upon the grounds stated. ██ As to the second objection, the appellant has not cited any authority holding that the complaint must describe other property than that proposed to be condemned. The complaint followed the requirements of section 1244 of the Code of Civil Procedure. If the property described was in fact a portion of a larger tract which would suffer damage from the severance, that is a matter which could not be reached on demurrer to the complaint.

██ The trial court did not err in denying the motion for a nonsuit. It was not necessary for plaintiff to prove the public necessity. That was covered by the resolution of the board which section 363 (h) of the Political Code, declares shall be conclusive evidence of (1) the public necessity, (2) the need for the particular property, and (3) that the proposed improvement is planned for the greatest public good and the least private injury. (*People* v. *Olsen,* 109 Cal. App. 523, 530, 531 [293 Pac. 645].) ██ This resolution was duly certified by the secretary of the commission and was properly received in evidence. (Sec. 1918, Code Civ. Proc.) The evidence on these issues being conclusive on plaintiff's *prima facie* case, it precluded a nonsuit.

██ It is suggested that the findings of fact are incomplete; that the court failed to find the amount of land constituting the larger parcel, of which the land condemned was a part. As the jury specially found that there would be no damage to any other lands of defendants and as the trial court adopted this finding, we cannot perceive how appel-

lant was injured by a failure to find as to the extent of other areas. ██ Then it is said that the trial court failed to find that the construction of the station was required by public interest. The findings recite the adoption of the resolution by the highway commission, which is made conclusive evidence of those facts in the absence of fraud, bad faith or abuse of discretion, matters which were not put in issue. No additional finding on these issues could avail appellant anything. The evidence of the resolution was as conclusive upon the trial court as it was upon the defendants, and if the court had specially found on that question the finding must of necessity have been adverse to this appellant.

██ A general attack is made upon the findings of the court and jury of the amount of damages to which the appellant was entitled. The attack is waged upon the ground that all of respondent's witnesses were incompetent to testify on this subject and that appellant's witnesses were competent and should alone be believed. The competency of witnesses for this purpose is, of course, a question primarily for the trial court to decide. In *Spring Valley W. W.* v. *Drinkhouse*, 92 Cal. 528, 534 [28 Pac. 681, 683], the Supreme Court said: ''All that is necessary to be shown to entitle a witness to give an opinion is to show 'that he has some peculiar means of forming an intelligent and correct judgment as to the value of the property in question, or the effect of a particular improvement, beyond what is presumed to be possessed by men generally'.'' The respondent called as witnesses upon the subject of the value of the land and damage to the larger tract two real estate agents, a rancher, and a banker. These witnesses were all shown to have a peculiar knowledge of land values in the neighborhood and of the tract of land owned by appellant. Their testimony covering the market value of the land sought by the state and of the absence of damage to the larger tract was clear and direct. The greater part of the testimony of these witnesses was given without objection from appellant, either as to its relevancy or as to the qualification of the witness to give it. On the other hand the testimony of values and damage introduced by appellant was so fanciful and biased that it can scarcely be said that the jury was faced with a conflict on those subjects. The state sought to condemn 89/100 of an acre, part of a tract of 290.08 acres. The jury

awarded $4,000 for the land taken and found no damage to the larger tract by reason of the severance. The appellant relied upon the testimony of a witness that he had offered to purchase the entire tract three years prior to the filing of the complaint for $250,000, but that if a maintenance station were to be erected on the 89/100 portion it would ruin the entire tract and he would not take it "at any price". Appellant complains that respondent's witnesses refused to assume that this offer was in good faith or that the asserted damage would follow. For these reasons they argue that these witnesses were incompetent to testify as experts. It was made evident that the valuation placed on the land by this witness was purely speculative and promotional, and that the assumption that the maintenance station would destroy that value altogether was beyond all reason. But, as we have heretofore said, the question of the competency of these witnesses was for the trial court to determine and we find no error in this respect.

 Appellant criticises an instruction which advised the jurors that they might exercise their own judgment, acquired through experience and observation, upon the question of land values. The record does not disclose who requested the instruction, but, as the trial court fully instructed the jury as to the consideration it should give to the opinion evidence on land values, and as that is the only question the jury had to decide, the portion of the instruction criticised is not open to objection. These instructions, taken together, are in full accord with the rule of the cases involving opinion evidence. (*Haight* v. *Vallet,* 89 Cal. 245 [23 Am. St. Rep. 465, 26 Pac. 897]; *Baker* v. *Borrello,* 136 Cal. 160, 167 [68 Pac. 591]; *Cederberg* v. *Robinson,* 100 Cal. 93, 97 [34 Pac. 625]; *Beveridge* v. *Lewis,* 137 Cal. 619, 628 [92 Am. St. Rep. 188, 59 L. R. A. 581, 67 Pac. 1040, 70 Pac. 1083], dissenting opinion.)

 The trial court properly instructed the jury that it must assume that the state would maintain the station in a proper manner. It is the duty of the officer in charge to do so and the law presumes that an officer will perform his duty.

The criticisms of other instructions do not require consideration, as we are satisfied that the instructions as a whole were fair to appellant and that in the award of damages

appellant was given very favorable consideration by the jury, in view of the evidence.

The appellant states that the trial court erred in admitting in evidence a certified copy of the resolution of the highway commission and of a map showing the land sought to be condemned. He merely states the point without argument or citation of authority, hence it does not require consideration.

The objection is made to the ruling denying appellant's proffer in evidence of a copy of a contract to purchase the tract which was executed about three years prior to the commencement of this suit. This contract had no possible bearing upon the question of the value of the land as of the date of the inquiry, but, even so, the appellant was permitted to bring all the details of this transaction before the jury until, by his own efforts, he had destroyed all value of the transaction as any evidence of the present value of the land in controversy.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1932.