[Civ. No. 12293. Second Appellate District, Division One.—November 21, 1939.]

THE PEOPLE, Respondent, v. HILDEGARDE M. MILTON, Appellant.

Edgar T. Fee for Appellant.

C. C. Carleton, Frank B. Durkee, C. R. Montgomery, Robert E. Reed and Clifford D. Good for Respondent.

WHITE, J.—This is an appeal by the defendant, Hildegarde M. Milton, from a decree in a suit involving eminent domain.

The action was commenced by the People of the State of California, acting by and through the Department of Public Works, to condemn a strip of land for highway purposes, extending from a point on State Highway Route No. 165 near the Los Angeles River in the city of Los Angeles, to a point on State Highway Route No. 161, in the city of Pasadena at Broadway Avenue, all in the county of Los Angeles. Appellant owned certain property along the route of the proposed highway described in the pleadings as parcel number 1 and containing 17,850 square feet.

The cause was tried before a jury. Plaintiff established a *prima facie* case based on the right of eminent domain, the exhibits in support thereof being received in evidence without objection on the part of the appellant. Thereupon expert testimony was offered by appellant as to the value of her property, after which she rested her case. Thereupon plaintiff produced expert witnesses in rebuttal to establish the value of appellant's property in its entirety, no evidence being offered by either the People or appellant as to any severance damage. Both parties having rested, the court instructed the jury, which after deliberation returned a verdict fixing the value of appellant's property at $5,500.

■ The first ground of appeal advanced by appellant is that certain of her land sought to be condemned was in excess of that needed for the contemplated public improvement and could not be taken without her written consent. It is true that under subdivision b of section 104 of the Streets and Highways Code, whenever it is sought to condemn property for the purpose of exchanging the same for other real property to be used for rights of way, that real property may be acquired for such purposes only when the owner of the property needed for a right of way has agreed in writing to the exchange; but such an issue was not raised or framed in the instant case either by the pleadings or by the evidence at the trial. While such an issue may properly become one for judicial determination, it must be raised by appropriate and adequate pleadings. Appellant's general denial in her answer of the allegations contained in plaintiff's complaint does not constitute a denial that the land was intended to be used for public purposes. (*People* v. *Olsen,* 109 Cal. App. 523, 531 [293 Pac. 645].) ■ When the State Highway Commission, as it did in the case at bar, adopts a resolution declaring that public interest and necessity require the acquisition of certain real property for public improvements, that resolution becomes conclusive of such facts recited therein, and the same may not be disputed in the absence of fraud, bad faith, or an abuse of discretion. (Sec. 103, Streets and Highways Code; *County of San Mateo* v. *Coburn,* 130 Cal. 631 [63 Pac. 78, 621]; *Rindge Co.* v. *County of Los Angeles,* 262 U. S. 700 [43 Sup. Ct. 689, 67 L. Ed. 1186]; 20 C. J. 626, sec. 112; *People* v. *Olsen, supra.*) ■ But to raise these issues it is necessary to specifically charge fraud, bad faith, or an abuse of discretion on the part of the Highway Commission to whom is committed the power of determining the necessity of commencing proceedings in eminent domain. This was not done in the case before us, either by way of pleadings or evidence, and the issue cannot be raised for the first time on appeal. The deficiencies in appellant's answer are set forth in detail at page 531 of *People* v. *Olsen, supra.* See, also, *People* v. *Broome,* 120 Cal. App. 267, 271 [7 Pac. (2d) 757].

■ Appellant's next ground of appeal is that the only estate which the highway commission could condemn is an easement, and that for only .as much as is necessary and de-

lineated upon the map set forth as part of plaintiff's complaint. These claims cannot be upheld. The functions of the map are declared by subdivision 4, section 1244, of the Code of Civil Procedure in the following language: "If a right of way be sought, the complaint must show the location, general route, and termini, and must be accompanied with a map thereof, so far as the same is involved in the action or proceeding." The amount of land sought to be acquired must be ascertained from the averments relating thereto in the complaint. ■■■ The right of the state to take an estate in fee rather than an easement is unequivocally established by section 104 of the Streets and Highways Code, reading in part as follows:

"The department may acquire, either *in fee* or in any lesser estate or interest, any real property which it considers necessary for State highway purposes. Real property for such purposes includes, but is not limited to, real property considered necessary for any of the following purposes:

"(a) For rights of way, including those necessary for State highways within cities. . . . "

From a reading of the foregoing it is at once apparent that the cited code section permits the respondent to acquire, either in fee or in any lesser estate or interest, any real property. The question of whether the commission was within its rights in a particular condemnation proceeding in seeking to obtain a fee simple title to property there involved must be raised by appropriate pleadings and evidence in support thereof. The legality of the commission's action cannot be challenged for the first time on appeal.

■■■ Finally, appellant challenges the sufficiency and legality of the resolution of necessity, which was received in evidence by stipulation. The resolution in question bore the certification of the assistant secretary of the California Highway Commission that it was a true and correct copy of the original resolution passed by the California Highway Commission at a legal meeting thereof, with "a majority of the members of said commission being present and voting therefor". Appellant bases her claim of insufficiency and illegality of the resolution of necessity upon the noncompliance by the Highway Commission with the terms of section 1241 of the Code of Civil Procedure, subdivision 2 of which requires

that such resolution must in certain cases be adopted not by a majority vote, but by a two-thirds vote of the legislative or governing body. Appellant's contention in this regard is without merit. The code section relied upon by her has reference only to irrigation districts, public utility districts, water districts, or legislative bodies of counties, cities and counties, or incorporated cities or towns. The Highway Commission derives its power to condemn for state highway purposes from the provisions of section 102 of the Streets and Highways Code, which authorize the commencement of proceedings in eminent domain when the commission first adopts a resolution declaring that the public interest and necessity require the proposed improvement. There is no requirement that such a resolution be adopted by a two-thirds vote of the five members of the State Highway Commission. In the case at bar the resolution, duly certified by the assistant secretary of the commission, constituted conclusive evidence that the commission had complied with section 102 of the Streets and Highways Code, and was properly received in evidence.

For the foregoing reasons, the judgment must be and it is affirmed, appellant to recover costs on appeal.

York, P. J., and Doran, J., concluded.