------o------

JACOB BUCKWALTER, Respondent, *vs.* JAMES CRAIG, Appellant.

1. *Principal and agent—Taking of notes in satisfaction of claim—Authority— Ratification.*—If an agent has no authority to receive anything but money upon a claim, no arrangement of his to receive notes in payment will bind his principal, unless ratified by the latter with a full knowledge of the facts.

| 55 | 71 |
|----|----|
| 55a | 42 |

*Appeal from Jackson Circuit Court.*

*Karnes & Ess*, for Appellant.

*Twiss & Cook*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff, who resides in the State of Iowa, brought his action against the defendant, in the Jackson County Circuit Court, on a judgment, which he obtained in that State. The defendant, in his answer, pleaded payment of the judgment.

and a reply was filed, putting the fact of payment in issue, and this was the only issue joined in the cause. At the trial the defendant did not attempt to prove payment of the entire judgment, but endeavored to establish a credit of $1,500 on the same. From the facts disclosed in the bill of exceptions, the following are substantially the circumstances, from which the credit is claimed:

In 1869, the plaintiff, who resided near Mt. Pleasant, Iowa, sent his brother-in-law, Jacob Kauffman, who lived near the same place, to Kansas City, where the defendant resided, to get the money on the judgment, or to bring suit upon it. Kauffman called upon Craig, the defendant, and informed him, that he had come to get the money on the judgment. Craig said, that he had no money on hand, but proposed to give Kauffman an order on Charles Hendrie of Burlington, Iowa, who was indebted to Marsh & Craig, a firm composed of James E. Marsh and the defendant; and, in reply to Kauffman's objections in regard to the solvency of Hendrie, stated that Marsh would go up to Iowa shortly and attend to the matter, and that Marsh would be able to, induce Hendrie to pay the order. Kauffman then returned to Iowa and waited for a week or ten days until Marsh came to Mt. Pleasant, and then arranged with Marsh to go to Burlington and see Hendrie. He went, accordingly, and failing to meet Marsh on the train, or at Burlington, called on the son of Hendrie, who was doing business for his father, who took up the order, and gave therefor two notes of the senior Hendrie for $750.00 each, drawn in favor of the plaintiff. Kauffman received these notes, stating at the time, that he would not take them as payment on the judgment, but that he was willing to credit their amount on the judgment, when the notes were paid; and that he would submit the notes to Marsh for approval of these terms. He returned to Mt. Pleasant that evening, and met Marsh on the train as he returned; told Marsh what he had done and showed him the notes. Marsh said, that if he kept the notes he must take them as payment and credit them on the judgment, to which Kauffman replied, that he would not

do so ; that he had no authority to take notes, or anything else except money, on the judgment. He then gave up the notes to Marsh, who handed them back and agreed to meet him at the bank in Mt. Pleasant the next day and settle the matter.

The next day he met Marsh on the street, who went with him to the clerk's office and examined the record to see the amount of the judgment. While there, Marsh again attempted to persuade him to credit the judgment with the amount of the notes, which he again refused to do, and gave as before, as a reason for not doing so, that he had no authority for doing it. They then went together to the National State Bank of Mt. Pleasant, when Marsh took the notes given by Hendrie for the order given by Craig, and left them with the bank, taking a receipt, which specified that the notes were to be collected by the bank, and the cashier was to see the amount so collected credited on the judgment, when he was to pay the proceeds to Kauffman for the plaintiff, and farther specifying, that if this arrangement was not satisfactory to Craig, the notes were to be given up to Craig upon his advising the bank of that fact. Marsh then wrote at the foot of this receipt an agreement, that no execution should issue on the judgment until the first of March following, at which time both of the notes would be due, and Kauffman signed the agreement, as agent for plaintiff, and Marsh then took the receipt and agreement away with him. These notes, when due, were sent to Burlington for payment, and, not being paid, were sent by the bank at Mt. Pleasant to the First National Bank at Kansas City to be delivered to Craig and the receipt taken up. They were not received by Craig, and were returned to the bank at Mt. Pleasant, and have not been paid. At the trial these facts were proved by the testimony of Kauffman, and by the depositions of the Cashier and President of the National State Bank at Mt. Pleasant. In additon to this testimony, Buckwalter, the plaintiff, gave his deposition, in which he testified, that he never gave Kauffman any authority to receive anything but money on the judgment; that he believed Craig knew this fact, as Craig had tried to get Kauffman to receive prop-

perty on the judgment, which offer Kauffman had referred to him, and which he had declined ; that he (plaintiff) had been informed, that Marsh (Craig's partner,) had deposited some notes, belonging to Craig, in bank at Mt. Pleasant, the proceeds of which, when paid, were to be applied to his judgment, and, in view of the prospect of making the money without suit, he had consented to forbear bringing suit on the judgment until the notes became due. On the other hand, Craig, who had been notified to produce the receipt taken by Marsh, failed to do so, and swore that Marsh never showed it to him ; that he never had it or knew of it till he saw the depositions taken by the plaintiff. Marsh also testified, that he never saw the notes given by Hendrie to Kauffman, and only gave Craig the order on Hendrie, which he took up in Hendrie's hands ; but he afterwards modified this statement, saying that he had no recollection of taking a receipt from the bank for these notes, but that he might have done so, and if he did he gave it to Craig. The trial was before the court, sitting as a jury, and the finding and judgment were for the plaintiff.

The instructions and declarations of law, asked for and given, sufficiently show the theory on which the court based its verdict and decision. They proceed upon the idea, that if Kauffman had no authority to receive anything but money on the judgment,then any arrangement that he made in respect to taking notes on the order did not bind the plaintiff, unless ratified by him with a full knowledge of the facts ; and that, if from all the facts and circumstances of the case, it appeared that Marsh was authorized to arrange or adjust, or act for the defendant in adjusting and settling,with the plaintiff the matter in dispute, then the defendant was bound by the acts of Marsh. These declarations, when applied to the facts disclosed by the evidence, were substantially correct. There is nothing in the testimony on either side to show that Craig, the defendant, did believe or had any reason to believe, that Kauffman had any authority other than to receive the money or bring suit upon the judgment. This the court must have found, and

also that the plaintiff never ratified any unauthorized act committed by him in the matter of taking notes in lieu of money. The court must have further found from the evidence, that Marsh had either a general or special power from the defendant to enter into the agreement and make the adjustment for him.

The weight of evidence was for the court sitting as a jury, and it was abundant to warrant the conclusion arrived at. The law was correctly declared, and the judgment was obviously just, and should be affirmed.

Judgment affirmed. The other judges concur.