Grocery Co. v. Powell.

REINHART GROCERY COMPANY, Respondent, v.
T. COLE POWELL, Appellant.

**St. Louis Court of Appeals, June 30, 1911.**

1. **ATTORNEY AND CLIENT: Authority of Attorney.** An attorney authorized merely to collect an account has no power to receive a note in payment, and his client would not be bound by such an act unless, with full knowledge of the facts, he ratified it.

2. ————: **Ratification of Unauthorized Act: Burden of Proof.** The burden of proving that a creditor, who delivered an account to an attorney for collection, ratified the unauthorized act of the attorney in receiving a note from the debtor in payment is on the debtor.

3. **INSTRUCTIONS: Demurrer to Evidence: When Proper to Give.** Where ratification of an unauthorized act is relied upon as a defense, it would not be proper to give an instruction in the nature of a demurrer to the evidence on the theory that such defense was established, unless the facts tending to establish it are undisputed.

4. **ATTORNEY AND CLIENT: Ratification of Unauthorized Act: Sufficiency of Evidence.** An attorney, who had an account for collection, accepted a note from the debtor in payment, and transmitted it to the creditor, who refused to accept it. About twenty days later, the attorney returned the note to the debtor and informed him of the creditor's refusal. The evidence did not show that the creditor retained the note for any length of time, nor that he sanctioned or knew of its retention by the attorney. *Held*, the evidence was insufficient to show a ratification of the unauthorized act of the attorney.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*McKay & Corbett* for appellant.

(1) Where a note is accepted in extinguishment of an open account the action should be brought upon the note, and no action lies upon the open account. Rawlins v. Rawlins, 102 Mo. 563; Curtis v. Browne,

63 Mo. App. 431; Mohney v. Reed, 40 Mo. App. 99; Steamboat v. Lumm, 9 Mo. 64; Steamboat v. Kingsland, 9 Mo. 67; Steamboat v. Hammond, 9 Mo. 60; 1 Cyc., pp. 336, 337 (d). (2) Appellant's declaration of law in the nature of a demurrer to evidence should have been given. The testimony of respondent's agent is of no value and should not have been considered by the court, for the reason that said agent, after having held himself out as such to appellant, and after having procured appellant's note in satisfaction of the open account, and thereby extending the time of payment, was and is estopped from denying his authority to do what he did do. 10 Ency. of Evid., p. 15 (2); Knap v. Sackett, 1 Root (Conn.) 501; Owings v. Nicholson, 4 Harr. & J. (Md.) 66.

*J. E. Duncan* for respondent.

The judgment is for the right party. The undisputed testimony of Mr. Barham is that he was not authorized to accept the note in satisfaction of the account sued upon, and that the respondent refused to accept, but immediately returned it to him, notifying him they would not, and that he had no authority to accept anything but the money. The respondent promptly repudiated the unauthorized act of its agent or attorney, which it had the right to do. Nichols, Shepard & Co. v. Kern, 32 Mo. App. 1; Porter v. Woods, 138 Mo. 539; State ex rel. v. Harrington, 100 Mo. 170.

STATEMENT.—Action on an account for goods sold and delivered. Defendant admitted having been indebted as alleged but pleaded payment by note. The plaintiff had judgment before the trial court sitting as a jury and defendant has appealed. The evidence tends to prove that the account, being past due, the plaintiff sent it to an attorney for collection. The attorney called on the defendant and stated that, repre-

senting the plaintiff, he had the account for collection and was there to collect the money. Defendant said he did not then have the money but would give his note, which, he said, could be reasonably discounted at any bank in Caruthersville, Missouri. Upon this representation, the attorney accepted defendant's six months note. The attorney by inquiry then ascertained that the note could not be discounted as defendant had represented that it could be, but, nevertheless, he sent it on to the plaintiff. The plaintiff refused to accept the note and returned it to the attorney, who thereupon returned it to the defendant, informing him of the plaintiff's refusal to accept it and demanding payment of the account. The defendant still has possession of the note. Defendant testified that the note was returned to him by the attorney about twenty days after it was delivered to the attorney.

The court refused to give a declaration of law offered by the defendant in the nature of a demurrer to all the evidence and defendant assigns such refusal as error.

CAULFIELD, J. (after stating the facts).—The declaration of law in the nature of a demurrer to the evidence was properly refused.

The evidence establishes that the attorney was authorized merely to collect the account and no arrangement on his part to receive a note in payment could bind his principal [Mechem on Agency, sec. 375], unless ratified by the latter with full knowledge of the facts. [Buckwalter v. Craig, 55 Mo. 71.] The burden of proving such ratification was on the defendant. [Cravens v. Gillilan, 63 Mo. 28.] In order to have properly given the declaration of law in the nature of a demurrer to the evidence the court must have found the fact of such ratification to be undis-

puted.  The record before us would not have justified such a finding.  Indeed, there was no evidence of ratification.  Defendant's evidence did tend to prove that about twenty days elapsed between the time of his delivery of his note to the attorney and the time of its return by the attorney to the defendant, but there was no proof that the plaintiff retained the note for twenty days or for any time whatever, or sanctioned, or knew of, its retention by the attorney.  For aught that appears the plaintiff repudiated the transaction as soon as it heard of it and returned the note as soon as it received it.

The judgment is affirmed.  *Reynolds, P. J.*, and *Nortoni, J.*, concur.