REINHART GROCERY COMPANY, Appellant, v.
L. D. KNUCKLES, Respondent.

**St. Louis Court of Appeals, April 8, 1913.**

1. **PRINCIPAL AND AGENT: Authority of Agent.** An agent
authorized merely to collect on account has no implied authority
to accept a note in payment of it, and his principal will not be
bound by such an acceptance, unless, with full knowledge of
the facts, he ratifies it.

2. ———: ———. One dealing with an agent cannot assume
that the agent is authorized to bind his principal by an act
beyond his implied authority.

3. ———: ———: **Sufficiency of Evidence.** In an action on
an account for goods sold and delivered, defended on the
theory that defendant had given plaintiff's salesman a note in
payment, *held* that the evidence did not show authority on the
part of the agent to accept the note as payment.

4. **EVIDENCE: Hearsay.** In an action on an account for goods
sold and delivered, defended on the theory that defendant had
given plaintiff's salesman a note in payment, evidence on the
part of defendant that the salesman told witness that he had
kept the note given by defendant and had paid plaintiff the
amount of it was hearsay and, therefore, not admissible.

Appeal from Reynolds Circuit Court.—*Hon. E. M.*
*Dearing,* Judge.

REVERSED AND REMANDED (*with directions*).

*R. I. January* for appellant.

(1) All sales by an agent appointed generally to
sell must be for a consideration in money and such
agent cannot bind his principal by receiving payment
in bonds, notes or other paper. 1 Am. & Eng. Ency.
of Law, p. 1003; Brown v. Smith, 67 N. Car. 245; Buck-
walter v. Craig, 55 Mo. 71; Wheeler & Wilson v. Givan,
65 Mo. 94. (2) Parties dealing with an agent are
put upon their guard by the fact that they know he is

an agent and they do so at their own risk. They cannot rely on the agent's assumption of authority. 1 Am. & Eng. Ency. of Law, p. 987; Bohart v. Oberne, 36 Kan. 284; Esarp v. Richardson, 81 N. Car. 5; Ayres v. Milroy, 53 Mo. 523; Chouteau v. Filley, 50 Mo. 174. The duty devolved upon the defendant of ascertaining not only the fact of Talbot's agency, but also the nature and extent of which was conferred. Mechem on Agency, secs. 706-707; Buzard v. Jolly, 6 S. W. (Sup.) 422; Sackville v. Storey, 149 S. W. 239. (3) An agent cannot substitute himself as debtor of his principal in place of the purchaser, so as to release the purchaser for the price of the goods of his principal sold to the purchaser. Wheeler & Wilson v. Givan, 65 Mo. 94; Sherwood v. Neal, 41 Mo. App. 425. (4) If there is no dispute raised by the evidence of the agent's authority, the question of agency and his authority thereunder is a question of law for the court, and it is error for the court to refuse a peremptory instruction at the close of all evidence. Gulick v. Grover, 36 N. J. L. 463; Lamb v. Irwin, 69 Pa. St. 436; Hoster v. Lange, 80 Mo. App. 238.

*J. H. Kieth* for respondent.

ALLEN, J.—This is a suit by plaintiff, appellant here, for a balance of $144.67, claimed to be due on an open account for groceries sold by plaintiff to defendant. Plaintiff is engaged in the wholesale grocery business in the city of St. Louis, and the defendant is a retailer at Dragonia, Reynolds county, Missouri. The cause originated before a justice of the peace, where there was judgment for defendant, and the plaintiff in due time appealed to the circuit court of Reynolds county.

The defendant in his answer admitted the correctness of the account sued upon, except that defendant claimed that he was entitled to a credit of $150

for a note which he had given to plaintiff's salesman and which he avers the latter accepted and for which he agreed to give defendant credit on plaintiff's account. This was a note of one J. R. Miller, payable to defendant, six months after date, and signed by four other persons as sureties. The acceptance of this note by plaintiff, through its agent, was alleged by way of set-off and counterclaim, the defendant averring that plaintiff had thereby been paid $5.33 more than was justly owing to plaintiff, and defendant prayed judgment for the said sum of $5.33 and his costs. Trial was had in the circuit court before the court and a jury, resulting simply in a verdict for defendant in the sum of $5.33. Judgment was entered accordingly, and after an unsuccessful motion for a new trial, and preserving exception to the overruling thereof, plaintiff has appealed to this court

The testimony on behalf of plaintiff established the correctness of the account sued upon, and went to show that the balance claimed by plaintiff had not been paid. There was positive testimony that the plaintiff never at any time authorized its traveling salesman, one Talbot, to accept the note in question, in lieu of cash payment, and that plaintiff had never received the note, and had never heard of the transaction. It appeared that the salesman, Talbot, had left plaintiff's employ some months prior to the institution of the suit.

The defendant, in his own behalf, testified that he dealt solely with Talbot, plaintiff's salesman; that upon the occasion in question Talbot wanted to sell him a bill of goods, but that defendant said that he wanted to settle for what he had bought, before purchasing anything more. That defendant finally told Talbot, however, that he had a note, and that, if this were taken and credited on his account, he would buy some more goods; that Talbot agreed to do this and further goods were ordered, and credit given defendant for $150, the

amount of the note. Defendant testified that Talbot collected accounts due plaintiff, and that he supposed that Talbot had authority to take notes and give credit for them, as he was transacting plaintiff's business.

Other testimony for defendant showed that plaintiff's said salesman had, upon maturity of the note in question, brought suit upon it in defendant's name, secured judgment for the amount thereof, and that, upon execution, sixty dollars had been collected on the judgment. One Grover Bowles testified, on behalf of defendant, that some time prior to the trial of the cause in the circuit court, he had had a conversation with Talbot in regard to the note which the latter had taken from defendant; that Talbot told the witness that he (Talbot) had kept the note personally and had paid the plaintiff the face value thereof. The testimony as to this conversation between Talbot and the witness, Bowles, was admitted over the objection of plaintiff, and exception saved to the ruling of the court thereon.

At the close of all the testimony, plaintiff requested the court to peremptorily instruct the jury to return a verdict for the plaintiff, which the court refused to do, and to which action of the court plaintiff duly excepted.

From the above brief statement of the facts, it will be seen that the evidence disclosed no authority whatever on the part of plaintiff's agent to accept in payment a note or anything other than cash. Although plaintiff's agent may have had authority to receive payment, and defendant testified that he frequently paid the agent on account, nevertheless the latter could not bind the plaintiff by accepting a note, unless he had authority so to do. An agent authorized merely to collect an account has no implied authority to accept a note in payment. And his principal will not be bound by such an act unless, the latter, with full knowledge of the facts, ratifies it. [Buckwalter v. Craig, 55

Mo. 71; Wheeler v. Givan, 65 Mo. 89; Reinhart Gro. Co. v. Powell, 158 Mo. App. 458, 138 S. W. 909; 31 Cyc. 1375; 1 Am. & Eng. Ency. Law (2 Ed.), 1003.] There is no evidence of any express authority given the agent, but on the contrary there was testimony on behalf of plaintiff that he had no such authority. There is no evidence whatsoever that plaintiff had any knowledge of the transaction, and it disclaims having had any; and there was nothing whatever to show any ratification of the agent's act by the plaintiff. So far as any showing made by defendant that the agent had such authority, it consisted simply of defendant's own testimony to the effect that the agent made collections, and that defendant therefore supposed that he had authority to accept notes. This of course amounted to nothing, since it is elementary that one dealing with an agent cannot assume that the agent is authorized to bind his principal by an act beyond the implied authority of the agent. And the agent here had no im·plied authority to accept anything but money in payment on plaintiff's account.

The testimony of the witness, Bowles, concerning his alleged conversation with Talbot, plaintiff's former salesman, was purely hearsay and should have been excluded. Had it been competent, it would not have shown any authority on the part of the agent to bind the plaintiff by accepting the note in question. On the contrary it went to show that the agent kept the note personally and paid plaintiff the amount thereof in money. Of course, if this were true, plaintiff, having been fully paid, could not recover. However, as we have said, this testimony was utterly incompetent and must be disregarded.

It follows that no valid defense whatsoever was made to plaintiff's claim, and the judgment entered for defendant has nothing to support it and cannot stand. The judgment of the circuit court is reversed, and the cause remanded, with directions to enter judg-

ment for plaintiff for the amount of plaintff's claim, with interest from the institution of the suit. *Reynolds, P. J.,* and *Nortoni, J.,* concur.