N. M. LONG CO. v. KENWOOD CO. et al.

No. 5407.   Decided January 10, 1935.   (39 P. [2d] 1088.)

*N. H. Tanner,* of Salt Lake City, for appellants.

*Allen T. Sanford* and *Rebecca Garelick,* both of Salt Lake City, for respondent.

WADE, District Judge.

The plaintiff, N. M. Long Company, a corporation, commenced this action on July 27, 1932, to foreclose a mortgage for $550, dated September 12, 1929, made by the defendant the Kenwood Company, a corporation, the charter of which had been forfeited for failure to pay its franchise tax for 1930, and its directors were made defendants, as trustees of its assets. Judgment by default was taken against all of the defendants except the Johansons (the appellants herein), who filed an answer alleging that during all of the time mentioned in the complaint they were the owners of the premises described therein and that they "have not at any time sold, transferred or incumbered, or consented to a transfer or incumbrance, of said" premises.

From the evidence it appears that the defendant Carl J. O. Johanson had been the owner of the property described in the complaint since July, 1918. On September 12, 1929, a warranty deed dated August 31, 1929, was recorded in the Salt Lake county recorder's office, which purports to have been signed and acknowledged on the date it bears, by Carl J. O. Johanson and Bertha E. Johanson, his wife, conveying

to the Kenwood Company the said premises. The same day this purported deed was recorded, the Kenwood Company mortgaged the said property to the plaintiff, N. M. Long Company, to secure a note, which was given to renew a previous note between the same parties this mortgage being given to secure a pre-existing debt. The Johansons received no part of the money loaned which created this debt, nor did they in any way benefit by or have any connection with it. On December 24, 1930, the Kenwood Company recorded a deed reconveying the premises to Carl J. O. Johanson.

The evidence is absolutely conclusive that the purported deed by the Johansons to the Kenwood Company was not made, signed, executed, acknowledged, or delivered by either of them, but that the same was a forgery, and that neither of them had any knowledge of such deed, or of the mortgage, or of the deed reconveying the property to them, until after January 29, 1932, when they were first notified thereof by a letter from Miss Garelick, plaintiff's attorney, threatening foreclosure.

The district court found that "Carl J. O. Johanson and his wife, Bertha E. Johanson, did not convey the said property, but that they acquiesced in said property being subject to said mortgage of the Kenwood Company." The first part of this finding, while in the nature of a conclusion of law, clearly indicates that the trial judge did not believe that the Johansons had signed or acknowledged the purported deed to the Kenwood Company. But the last part of this finding is merely a conclusion of law, and the facts on which it was based do not appear therefrom; so it will be necessary to examine the evidence to determine what the facts were.

The evidence bearing on this question whether or not the Johansons "acquiesced in the said property being subject to the mortgage of The Kenwood Company" is to the effect: That after receiving Miss Garelick's letter first notifying them of the mortgage, the Johansons called on Mr. Long, president of the plaintiff company, and there denied any knowledge of any mortgage against their property. Then

on a second visit, after a conference between Mr. Pritchard, former president and sole owner of the Kenwood Company, and the Johansons, Miss Garelick testified that she was informed that the Johansons were going to renew the mortgage, whereupon she turned to Mr. Johanson and said, "Well, then, there was evidently some mistake about it, was there?" and he said, "Yes, I had forgotten." This testimony was corroborated by other witnesses for plaintiff, but is positively denied by the Johansons. The Johansons thereupon offered to make a new mortgage on said premises to secure such loan if sufficient money could be borrowed on said premises to pay the plaintiff's mortgage in full, or if the Kenwood Company would make a payment of $50 on plaintiff's note the Johansons would make a new mortgage on said premises to secure the balance. And for this purpose Carl J. O. Johanson signed an application to the Tracy Loan & Trust Company for a loan on said property. The Johansons testify very positively, and their testimony is not denied, that they consented to this arrangement only on the express condition that the Kenwood Company or Mr. Pritchard would first deposit with them sufficient security in bonds or other property to save them harmless in case the Kenwood Company failed to pay the note when it became due. No security was ever deposited, and no new mortgage made, and so plaintiff commenced this action to foreclose.

A forged deed is utterly void and does not convey any title to the grantee, or mortgagee, although he may be an innocent purchaser for value without notice of the forgery. 8 R. C. L. 1029, § 85; *Smith* v. *Markland*, 223 Pa. 605, 72 A. 1047, 132 Am. St. Rep. 747; *Gross* v. *Watts*, 206 ■ Mo. 373, 104 S. W. 30, 121 Am. St. Rep. 662; 41 C. J. 372, § 155; *Shapleigh* v. *Hull*, 21 Colo. 419, 41 P. 1108; *Williams* v. *Ketcham*, 37 Ind. App. 506, 77 N. E. 285; *Blaisdell* v. *Leach*, 101 Cal. 405, 35 P. 1019, 40 Am. St. Rep. 65; *Warren* v. *Smith*, 35 Utah 455, 100 P. 1069, 136 Am. St. Rep. 1071; *Simpson* v. *Denver & R. G. R. Co.*, 43 Utah 105, 134 P. 883, 46 L. R. A. (N. S.) 1164; *Cole* v. *Long*, 44 Ga. 579;

*Reck* v. *Clapp*, 98 Pa. 581; *Austin* v. *Dean*, 40 Mich, 386; *Haight* v. *Vallet*, 89 Cal. 245, 26 P. 897, 23, Am. St. Rep. 465.

The deed from the Johansons to the Kenwood Company being a forgery, the plaintiff did not obtain any interest in or lien against this property by reason of their mortgage. And, if the premises in question are in any way subject to the plaintiff's mortgage, it can only be by reason of some action on the part of the Johansons since January 29, 1932, when they first heard of the mortgage, about two years and five months after the mortgage was made.

It is the plaintiff's contention, to use his own words, that the "Johansons, with full knowledge that the deed had been executed in their names as grantors, conveying the property to The Kenwood Company, and that The Kenwood Company had mortgaged the property to the plaintiff and then conveyed the property to Johanson subject to the mortgage, confirmed the whole transaction and recognized the lien of the mortgage, and thereby adopted the signatures of the deed as their signatures." In support of this contention, plaintiff's counsel quotes many text-writers and some cases. The following from Reinhard Agency, § 100, is a typical expression of the law:

"On the one hand, it is held that if a party whose signature has been forged, knowing all of the circumstances and evincing an intention to be bound thereby, adopts or acknowledges it as his own, there is no good reason why he should not thereby make himself liable, the same as if the instrument had been executed by his authority."

See, also, 18 C. J. 190, § 82, note 41 (b) ; 1 C. J. 786, § 82; Clark & Skyles, Agency, § 99; 1 Williston Contracts, 1131, § 585; 58 C. J. 728, § 16; 2 C. J. 468, § 80; Page on Contracts, § 1181.

Most of the cases cited in these texts are cases where a person's name has been signed to an instrument by someone else, sometimes in his absence and without his knowledge or consent, and thereafter the person whose name is signed thereto takes the instrument before a notary public, or some other officer authorized to take acknowledgments,

and acknowledges before him that he executed the same. This class of cases is clearly no authority for validating the deed in the present case.

There is another class of cases that holds that, where one person signs the name of another to an instrument in his absence and without his knowledge or consent and without authority to do so, and thereafter the person whose name is signed thereto with full knowledge of the facts treats the instrument as binding upon him and accepts the benefits thereof, or expressly states that it is his instrument, he thereby adopts it as his own and is bound by its provisions. See *Holbrook* v. *Chamberlin*, 116 Mass. 155, 17 Am. Rep. 146; *McIntyre* v. *Park*, 11 Gray (Mass.) 102, 71 Am. Dec. 690; *Hefner* v. *Vandolah*, 62 Ill. 483, 14 Am. Rep. 106; *Cravens* v. *Gillilan*, 63 Mo. 28; *Union Bank* v. *Middlebrook*, 33 Conn. 95; *Greenfield Bank* v. *Crafts*, 4 Allen (Mass.) 447; *Mondragon* v. *Mondragon*, 113 Tex. 404, 257 S. W. 215; 2 C. J. 468, § 80; *Clark* v. *Devoe*, 124 N. Y. 120, 26 N. E. 275, 21 Am. St. Rep. 652; *Bowman* v. *Rector* (Tenn. Ch. App.) 59 S. W. 389.

This no doubt is what plaintiff claims happened in this case. But the evidence in this case does not disclose any such state of facts, but merely shows that the Johansons first learned of this deed and mortgage on their property two years and five months after the deed and mortgage were made and recorded. The undisputed evidence shows that after they learned of this deed and mortgage they agreed to execute a new mortgage to secure renewal note, or to secure a loan to pay this note and mortgage off, if the Kenwood Company would furnish them with sufficient security to protect them against loss thereby. This security was never furnished, and no new mortgage was ever executed by them. The most that can be said of this evidence is that the Johansons were willing to enter into negotiations with the plaintiff and the Kenwood Company for the purpose of avoiding a lawsuit and embarrassment to the officers of the Kenwood Company, if they were secured against

loss to themselves. And the evidence is also clearly to the effect that these negotiations did not terminate in an agreement of any kind but ended in mere offers which were never accepted by all the parties and never became binding upon any one.

Counsel for plaintiff points to the fact that Mr. Johanson signed an application to the Tracy Loan & Trust Company for a loan on this property, as proof that they adopted this entire transaction as their own with full knowledge of all the facts. But, when this is considered with the undisputed evidence that this mortgage was only to be made upon the furnishing of security by the Kenwood Company, then it does not signify that they intended thereby to adopt this deed as their own. The evidence to the effect that Mr. Johanson told Miss Garelick that he had forgotten this deed when he first claimed he knew nothing about it only tends to show that he had signed it originally and does not tend to show that he was willing to adopt a deed he had not signed originally.

It should also be noted that there is no evidence of an estoppel. Counsel for plaintiff argues that plaintiff, relying on the Johansons' promise to pay the note, granted a short extension of time. But there is no evidence in the record that the Johansons ever promised to pay this note, and no evidence that plaintiff ever granted any extension of time on this note, or that plaintiff changed its position in any manner.

This being an equity case, with all the evidence before this court, it is the duty of this court to make finding of what the facts are as disclosed by the evidence; especially is this true where the lower court failed, as in this case, to make findings of the facts material to a determination of the case, upon which its judgment is based. We are of the opinion that the facts as set out in this opinion are supported by an overwhelming preponderance of the evidence, and that those facts, so supported, determine the entire case. From those facts, the court holds

that the defendants Carl J. O. Johanson and Bertha E. Johanson, his wife, are the owners of the premises in question and that as against their title the deed to the Kenwood Company and the mortgage to the plaintiff are void and of no force or effect whatsoever. It does not appear that any good purpose would be served in remanding the case back for a new trial. It is therefore remanded back to the district court with directions to make findings of fact and conclusions of law and judgment in accordance with the views expressed in this opinion; costs to appellant.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., being disqualified did not participate herein.