ALEXANDER PETRUS, Plaintiff

v.

ANTOINE GOLDEN, et al., Defendants

Civil No. 3-1938

District Court of the Virgin Islands

Division of St. Croix, Christiansted

May 10, 1938

HASTIE, *Judge*

The defendant, Antoine Golden, has pleaded settlement as an affirmative defense. On the evidence adduced in this connection, the issue is whether the plaintiff is bound by an agreement of settlement negotiated and signed by the plaintiff's attorney and the defendant.

The plaintiff, who is not a well educated person, consulted an attorney, concerning the present claim. Plaintiff told the attorney that the defendant had promised in a general way to make satisfactory settlement, then had paid $5.00, but, thereafter, refused to do more. While no formal agreement was made between attorney and client, it was the attorney's understanding at the con-

clusion of the interview that the plaintiff was asking him to approach the defendant and get what he could in settlement of the claim. On the other hand, plaintiff denies that he did or intended to authorize his attorney to settle the claim without obtaining the plaintiff's approval of the terms of settlement. The attorney, believing himself authorized to settle the claim on whatever terms the defendant would accept, negotiated with the defendant and entered into a written agreement wherein the defendant agreed to pay, in full settlement of the claim, the sum of $30.00 in monthly installments of $10.00, beginning February 15. Thereupon the attorney wrote to the plaintiff, advising him of the terms of the agreement. Promptly, upon receiving this letter, the plaintiff wrote to his attorney repudiating the agreement and advising the attorney that the plaintiff was employing other counsel to act on his behalf. The plaintiff has refused to receive any money under the agreement of settlement.

The plaintiff's claim is for injuries sustained when he was struck by an automobile driven by the defendant, Antoine Golden. The plaintiff's leg was broken. The accident occurred on December 22, 1937. The plaintiff approached counsel late in January, at which time his leg was still in a cast. At the time of the accident the plaintiff was employed as a mechanic, receiving $1.25 a day. According to the Assistant Municipal Physician who attended the plaintiff, the injury was such as would incapacitate a person for a period of four or five months.

There seems never to have been any substantial dispute between the plaintiff and the defendant concerning the manner in which the accident occurred. Plaintiff was walking along a straight highway during the day time when the defendant, driving in the same direction with unobstructed view, overtook him. In passing, the defendant accidentally drove his automobile against the plaintiff

so that the left rear fender struck the plaintiff's right leg. The defendant has not contended that the plaintiff made any sudden or unanticipated maneuver at the time of or immediately before the accident, or that any circumstance beyond the defendant's control prevented him from steering his car toward the center of the road and away from the plaintiff. Thus, it seems to have been reasonably clear from the beginning that an error of judgment of the defendant in driving too close to the plaintiff caused the accident.

■-■ As a matter of law, the party relying upon settlement carries the burden of proof on that issue. Rickert v. Craddock, 98 Kan. 143, 157 Pac. 401; Scott v. Moore, 52 Okla. 200, 152 Pac. 823. Moreover, adequate special authority must be proved to enable an attorney to enter into a settlement binding upon his client. United States v. Beebe, 180 U.S. 343, 21 S. Ct. 371, 45 L. Ed. 563; Barber-Colman Co. v. Magnano Corp. (C.C.A.1st) 299 Fed. 401; Preston v. Mill, 50 Cal. 43, 19 Am. Rep. 647; Gibson v. Nelsen, 111 Minn. 183, 126 N.W. 737, 31 L.R.A. (n.s.) 523. And, when the authorization relied upon is verbal and not explicit in its provisions, the terms and the amount of the attorney's settlement viewed in the light of all circumstances surrounding the claim, are to be considered in determining whether the actual settlement was within original authority. In this connection, it has been considered important that a settlement had not passed the stage of executory agreement. Burns v. McCain (Cal. App.) 290 Pac. 623.

■ In the present case it appears that the plaintiff employed counsel because the defendant's earlier promise to settle with him had proved ineffective. In such circumstances it is doubtful whether the authority of counsel to settle the claim included authority to make an executory agreement, rather than to obtain a cash settlement. In-

deed, courts generally have been reluctant to enforce other than cash settlements, unless the mode of payment was specially authorized. McMurray v. Marsh, 12 Colo. App. 95, 54 Pac. 852 (services); Herriman v. Shomon, 24 Kan. 387, 36 Am. Rep. 261 (county warrants); Reinhart Grocery Co. v. Powell, 158 Mo. App. 458, 138 S.W. 909 (defendant's note).

■ Moreover, the amount agreed upon by the defendant and the attorney, added to the $5.00 already paid, was only a small fraction of the actual loss of earnings suffered and reasonably anticipated as a result of the injury. And this does not take into account pain and suffering, or any other element of damage. Yet, the undisputed facts left small doubt concerning liability.

In brief, the extent of the attorney's authority was not defined precisely and the settlement actually negotiated was rather different in character and amount from a reasonable expectation of one in the plaintiff's situation. Although the attorney acted in good faith and believed that he was acting within his authority and according to his client's wishes, it is the opinion of the court that the defendant has not sustained the burden of proving that the particular agreement was within the authority conferred upon the attorney. And since the agreement was repudiated promptly, the plaintiff retained his right to bring suit upon the original complaint.