**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

EIGHT HUNDRED SIXTY
THOUSAND THREE HUNDRED
AND TEN DOLLARS ($860,310) IN
UNITED STATES CURRENCY; 1982
CHEVROLET CORVETTE VIN
1G1AY0784C5122191; REAL
PROPERTY LOCATED AT 8262
SOUTH WILLIAMSBURG PARK
CIRCLE, SANDY, UTAH, WITH
ALL APPURTENANCES AND
IMPROVEMENTS THERETO; REAL
PROPERTY LOCATED AT 419
HARRISON STREET, MIDVALE,
UTAH, WITH ALL
APPURTENANCES AND
IMPROVEMENTS THERETO; REAL
PROPERTY LOCATED AT 469
SOUTH ADAMS STREET,
MIDVALE, UTAH, WITH ALL
APPURTENANCES AND
IMPROVEMENTS THERETO;
JOSEPH A. SANCHEZ,

      Defendants,

       and

MIGUEL VALDEZ-PACHECO

      Defendant - Appellant.

No. 00-4133
(D.C. No. 97-CV-620-C)
(D. Utah)

------------------------------

SANDY CITY,

    Claimant.

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRORBY**, and **MURPHY**, Circuit Judges.[**]

---

    Defendant-Appellant Miguel Valdez-Pacheco, appearing pro se, appeals from the district court's order granting summary judgment to the United States in a civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

    Because the parties are familiar with the facts, we will only briefly restate them here.[1] In 1997, the government filed suit seeking the civil forfeiture of two

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

[1] For a full recitation of the facts, see the Magistrate Judge's Report & Recommendation. R. Doc. 155, at 1-5.

parcels of real property in Utah,[2] alleging that the properties had been purchased with illegal drug proceeds. Uncontested evidence shows that Manual Medina, the alleged owner of the properties, had pled guilty to several narcotics violations, had agreed to forfeit assets obtained with drug money as part of a plea agreement, and had later admitted that the two properties at issue in this case had been purchased with drug proceeds. See R. Doc. 155 at 1-2, 5. In 1997, Mr. Medina had caused the title to the two properties to be put in Mr. Valdez-Pacheco's name through the use of forged documents. Id. at 3. Subsequently, Mr. Valdez-Pacheco filed a Verified Claim to both properties. R. Doc. 37. The district court granted summary judgment to the government based on the magistrate judge's conclusion that Mr. Valdez-Pacheco did not have standing to contest the forfeiture. R. Docs. 160, 155 at 11.

We review a grant of summary judgment de novo. Kingsford v. Salt Lake City Sch. Dist., 247 F.3d 1123, 1127-28 (10th Cir. 2001). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe the evidence in

---

[2] The two pieces of real property at issue are located at 8262 South Williamsburg Park Circle, Sandy, Utah, and 419 Harrison Street, Midvale, Utah.

the light most favorable to the non-moving party.  Kingsford, 247 F.3d at 1128.

Because the government has shown probable cause exists for the forfeiture, the burden is on Mr. Valdez-Pacheco to show that the forfeiture does not fall within the four corners of the statute.  United States v. $149,442.43 in United States Currency, 965 F.2d 868, 876-877 (10th Cir. 1992).  Initially, however, Mr. Valdez-Pacheco must establish that he has standing to challenge the forfeiture.  He fails to do so.

Mr. Valdez-Pacheco's interest in the property at issue must be an interest "sufficient" to confer standing–usually an ownership or possessory interest. United States v. $515,060.42 in United States Currency, 152 F.3d 491, 498 (6th Cir. 1998) (stating that "[p]ossessory interests may be sufficient to bestow standing on a claimant to contest a forfeiture"); United States v. One Parcel of Property Located at RR2, Independence, Buchanan County, Iowa, 959 F.2d 101, 103 (8th Cir. 1992) ("To show standing to contest forfeiture, a claimant must prove that he or she is the owner of the defendant property.").  We look to state law to determine what property interests Mr. Valdez-Pacheco may assert.  United States v. 9844 South Titan Court, 75 F.3d 1470, 1478 (10th Cir. 1996), overruled in part on other grounds by United States v. Ursery, 518 U.S. 267 (1996).  Under Utah law, "[a] forged deed is utterly void and does not convey any title to the grantee, . . . although he may be an innocent purchaser for value without notice of

- 4 -

the forgery."  N.M. Long Co. v. Kenwood Co., 39 P.2d 1088, 1089 (Utah 1935) (citation omitted).  Mr. Valdez-Pacheco does not contest that the documents transferring title in this case were forgeries and offers no other evidence of ownership or possession.  Therefore, Mr. Valdez-Pacheco does not have a sufficient interest in the properties at issue in this case to establish standing to contest the forfeiture.

In his opening brief, Mr. Valdez-Pacheco asserts four arguments as to why summary judgment was improper.  All are meritless.  First, Mr. Valdez-Pacheco asserts that the district court should have found that a "forged document," apparently a "Withdrawal of Claim" that Mr. Valdez-Pacheco submitted to the court and then withdrew, was enough to create a genuine issue of material fact.  Aplt. Br. at 10.  Whether or nor Mr. Valdez-Pacheco's "Withdrawal of Claim" document was a forgery is irrelevant.  The district court granted the government's motion for summary judgment solely on the issue of Mr. Valdez-Pacheco's lack of standing.

Second, Mr. Valdez-Pacheco argues that he has an ownership interest in one of the properties because the property was given to Manual Medina for being an informant for the United States.  Id.  This is simply factually inaccurate.  Third, Mr. Valdez-Pacheco asserts that one of the properties was purchased with money that Mr. Valdez-Pacheco loaned to Mr. Medina and, therefore, has no

nexus to drug trafficking. Id. This argument was not presented to the district court, and generally, we will not consider issues raised for the first time on appeal. See Tele-Communications, Inc. v. Commissioner of Internal Revenue, 104 F.3d 1229, 1232 (10th Cir. 1997). Even if we were to consider this issue, Mr. Valdez-Pacheco has brought forth no evidence to support his contentions. Finally, Mr. Valdez-Pacheco asserts that the district court should have construed Mr. Valdez-Pacheco's motion for sanctions as a motion for summary judgment. Aplt. Br. at 10. We do not see why the district court should have done so and fail to see how this would help Mr. Valdez-Pacheco cure his lack of standing.

In his opening brief and his supplemental brief, Mr. Valdez-Pacheco argues that the district court erred in denying both his motion to appoint counsel and his motion for sanctions against both the United States attorney and his own attorney. Although we do not think that either of these claims has merit, we do not have jurisdiction to consider them. In Mr. Valdez-Pacheco's Notice of Appeal, R. Doc. 169, he appeals only the district court's order granting the government summary judgment–not the district court's order denying his motion to appoint counsel or the district court's order denying sanctions. "This court cannot exercise jurisdiction absent a timely notice of appeal." Rodgers v. Wyoming Attorney Gen., 205 F.3d 1201, 1204 (10th Cir. 2000) (internal quotations and citation omitted); see also Fed. R. App. P. 3(a)(1), (c)(1)(B) ("The notice of appeal must .

. . designate the judgment, order, or part thereof being appealed . . . .").  No amended or subsequent notice of appeal of which we are aware indicated an intent to appeal from the denial of sanctions.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge